1  Thane Charman
2  2270 Boundary St
   San Diego, CA 92104
3  Telephone:  800-673-4384
4  Email: OBEY.TCPA@GMAIL.COM

5
6  Plaintiff, Pro Se

7

8

9

10                UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
Apr 17 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ STN        DEPUTY

12

13  THANE CHARMAN, individual          Civil Case No.:'**24CV0695 BAS MMP**
14            Plaintiff,
15                                     COMPLAINT
    v.
16
17  California Check Cashing Stores,    1.  WILLFUL VIOLATIONS OF
    LLC ., dba Speedy Cash An          THE TELEPHONE CONSUMER
18  California Limited Liability        PROTECTION ACT [47 U.S.C.
19  Company ; Does 1 Through 10,        §227(b)]
    Inclusive, And Each Of Them        2.  NEGLIGENT VIOLATIONS
20                                      OF TELEPHONE CONSUMER
21                                      PROTECTION ACT [47 U.S.C
            Defendants,                 §227 (b)]
22                                      3.  WILLFUL VIOLATIONS OF
23                                      THE TELEPHONE CONSUMER
24                                      PROTECTION ACT [47 U.S.C.
                                        §227(c)]
25                                      4.  NEGLIGENT VIOLATIONS
26                                      OF THE TELEPHONE
27                                      CONSUMER PROTECTION ACT
28

COMPLAINT                        1

[47 U.S.C. §227(c)]
5. VIOLATIONS OF THE
TELEPHONE CONSUMER
PROTECTION ACT ]47 C.F.R. §
64.1200(d)}

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1.     The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all automated text messages, in this case in San Diego County, California.

2.     The Defendant California Check Cashing Stores, LLC ("CCCS") is a "person" as defined by 47 U.S.A 153 (39).

3.     Defendant California Check Cashing Stores, LLC is a Limited Liability Company organized and existing under the laws of Delaware

4.     Defendant California Check Cashing Stores, LLC principal address is 5165 Emerald Parkway Suite 100 Dublin Oh 43017 and can be served via CSC - Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6.     Plaintiff is informed and believes that at all relevant times, each and every Defendants was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

7.     Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## JURISDICTION AND VENUE

8.     **Jurisdiction**.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9.     **Personal Jurisdiction**.  This Court has personal specific jurisdiction over Defendants because Defendants targeted consumers with their advertisements in California, including to Plaintiff, who resides in this district. Defendants' marketing towards residents of California is the subject of this dispute from which this lawsuit arises.

10.    **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the automated text messages for the sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

11.    In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of

privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15.     Separately, the TCPA bans telemarketing calls without a do-not-call

policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17.    According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18.    The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19.    The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

In particular: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are

committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

24.     At all times material hereto Plaintiff's number 619-4x5-x2x5 was successfully registered on the Do-Not-Call Registry.

25.     Plaintiff's number 619-4x5-x2x5 was personally registered on the

Do-Not-Call Registry in November 2019.

26.   California Check Cashing Stores, LLC (dba Speedy Cash) contracted with defendant Doe to market and solicit personal loans on behalf of California Check Cashing Stores, LLC.

27.   California Check Cashing Stores, LLC (dba Speedy Cash) supplied Doe with the prequalification requirements to purchase the personal loan product being marketed by Doe on behalf of California Check Cashing Stores, LLC (dba Speedy Cash).

28.   California Check Cashing Stores, LLC (dba Speedy Cash) supplied Doe with instructions which states to text and which hours to place the solicitation texts.

29.   California Check Cashing Stores, LLC (dba Speedy Cash) continue to benefit from the telemarketing texts.

30.   California Check Cashing Stores, LLC (dba Speedy Cash) working thru Doe provided real time quotes and pricing information for the personal loans.

31.   Plaintiff received at least one hundred and fourteen (114) unauthorized automated text messages to his personal cell phone number 619-4x5-x2x5 from Defendants soliciting their goods and services.

32.    The first text occurred on April 12, 2021 at approximately 6:28 AM

PST, Defendants sent a text message to Plaintiff's cellular telephone.  The

number displayed number is 385-398-9363

33.    The text from paragraph (32) sent by Defendants reads as follows:

"FastCashLoanSameDay: Your amount ready3801.02)

Pamelahttp://searchcash-loans-us.com/cBi3s8A6rU Reply stop to

unsubscribe"

34.    Text #3 on 4/15/21 at 8:29 AM Plaintiff received a text that displays #

2242980997 on the caller identification.  The Text reads

http://yourcashloansameday.com/B8ATyK9GT7 Reply stop to unsubscribe

35.    Text #4 on 4/16/21 at 6:50 AM Plaintiff received a text that displays #

8104255381 on the caller identification.  The Text reads

TheCashLoanSameDay: Amount for You(2580.46) Pamela

http://thecashloansameday.com/JLEMrSWcaM Reply stop to unsubscribe

36.    Text #9 on 4/23/21 at 8:50 AM Plaintiff received a text that displays #

3526566562 on the caller identification.  The Text reads

FridayFastMoneyLoan: Amount for you2434.49) Pamelahttp://yourcashloan-

usa.com/x9N6VqZ63C Reply stop to unsubscribe

COMPLAINT                                    10

37.     Text #10 on 4/26/21 at 7:27Am Plaintiff received a text that displays #

8339644272 on the caller identification.  The Text reads AprilFastCashLoan:

Your amount today (2959.33) Pamela http://yourcashloans-

usa.com/e05e18c4d5 Reply NO to unsub.

38.     Text #19 on 5/19/21 at 12:23 PM Plaintiff received a text that displays #

8338120905 on the caller identification.  The Text reads Pamela ,

Amount:2621.27 http://GoldStarLend.com/1e83b89070 a492Txt N0 to stop

39.     Text #20 on 5/20/21 at 6:40 AM Plaintiff received a text that displays #

8334741674 on the caller identification.  The Text reads Pamela ,

Amount:3476.40 http://PrimeClickLends.com/207d4dcb2fc3f5 Txt N0 to stop

40.     Text #25 on 6/22/21 at 12:56 PM Plaintiff received a text that displays #

7752516730 on the caller identification.  The Text reads Happy Monday!

ImmediateAccessLoans: Amount1156.86

Pamelahttp://ix6pyg.com/1eab02cfcd c5f8 Txt U to Stop

41.     Text #26 on 6/22/21 at 12:56 PM Plaintiff received a text that displays #

7752616335 on the caller identification.  The Text reads Dont Miss Out!

QuickLendingPlace: Amount3672.79 Pamelahttp://kemjaw.com/2d1869b0ad

77ba Txt Stop to Stop.

COMPLAINT                                 11

42.   Text #42 on 8/16/21 at 1:27 PM Plaintiff received a text that displays # 7755355067 on the caller identification.  The Text reads Happy Monday! Pamela 3195.68 Accessible TodayText HAPPY to Request Reply Stop to Unsubscribe.

43.   Text #43 on 8/17/21 at 9:42 AM Plaintiff received a text that displays # 7755995172 on the caller identification.  The Text reads Happy Tuesday!! Pamela 3951.31 Available Today.. Text EASY toRequestReply Stop to Unsubscribe.

44.   Text #72 on 5/13/2 at 7:48 AM Plaintiff received a text that displays # 7543648877 on the caller identification.  The Text reads This is Alex from theAdvanceApprovedSite. Great news. YourWeekend-Advance is ready. You are eligible to request up to 1850. Goto fozyqa.com/7fe2604fd9.

45.   Text #73 on 5/17/22 at 11:42 AM Plaintiff received a text that displays # 7732730035 on the caller identification.  The Text reads Hello, this is Kevin from-TheAdvancedApproved-Site. Great news!Your-Advance is ready. You're Eligible to request up to 2350. Go to28573u.com/abd3896ad6.

46.   Text #83 on 7/18/22 at 7:02 AM Plaintiff received a text that displays # 6194551235 on the caller identification.  The Text reads Hi Pamela! Patrick

from City-Wide-Loans here. AfterOUR-REVIEW YourFUNDS-LIMIT has-INCREASED. q1il8g.com/dedec58746.

47.     Text #84 on 7/18/22 at 7:02 AM Plaintiff received a text that displays # 9292581891 on the caller identification.  The Text reads Hi Pamela! Patrick from City-Wide-Loans here. AfterOUR-REVIEW YourFUNDS-LIMIT has-INCREASED. q1il8g.com/dedec58746.

48.     Text #89 on 7/18/22 at 7:02 AM Plaintiff received a text that displays # 3472726318 on the caller identification.  The Text reads Hey Pamela. James from City Wide-Ioans here. After review, your amount available to request today is 2865! ClicK Here drgbyp.com/d5d8f8edaa.

49.     Text #96 on 8/19/22 at 7:04 AM Plaintiff received a text that displays # 2195775410 on the caller identification.  The Text reads Hey Pamela. It's James here with City WideIoans Upon review, it's time to celebrate this weekend! You have 3215 waiting for you. j7plye.com/608ceac72e.

50.     Text #97 on 8/2/22 at 7:21 AM Plaintiff received a text that displays # 2195775410 on the caller identification.  The Text reads Hey Pamela. It's Chris from City Wide. Great news, you have 3075 waiting for you. p8hibg.com/ce4b6513b1.

COMPLAINT                                    13

51.   Text #108 on 11/11/22 at 3:47 PM Plaintiff received a text that displays # 2195775410 on the caller identification.  The Text reads Hey Pamela, you have up to 3O5O.OO ready today. 7wqu0i.com/364621d08a.

52.   Text #109 on 11/14/22 at 9:05 AM Plaintiff received a text that displays # 2195775410 on the caller identification.  The Text reads Hey Pamela, you have up to 3O85.OO waiting today. yk90f1.com/392106a3ec.

53.   After receiving dozens more text from Defendant Plaintiff on October 26, 2022 at approximately 9:21 AM PST opened text from displayed number 945-216-9482.  The body of the text reads "Hi, this is Ben from city and after additional review, you still have up to 27O5 ready. qahjnr.com/9cb1ddd41b"

54.   The Link embedded in the text message qahjnr.com/9cb1ddd41b redirects the recipient to the website https://citywideloan.com/.

55.   On November 14, 2022 approximately 10:05 AM PST Plaintiff received another text from Defendant displaying number 202-817-8315.  The body of the text reads "Hey Pamela, you have up to 3O85.OO waiting today. yk90f1.com/392106a3ec".

56.   The Link embedded in the text message yk90f1.com/392106a3ec redirects the recipient to the website https://citywideloan.com.

57.    On February 27, 2024 Plaintiff logged on to with website citywideloan.com.  The website fails to provide the actual identity of the owner of the website.  Plaintiff is forced to go thru the websites loan approval process in an attempt to discover who controls the website www.citywidelaons.com.

58.    On February 28, 2024 Plaintiff received an email to the email address provided by Plaintiff when they applied for the loan.

59.    The email from defendants states the following "Dear customer, I hope this message finds you well. I'm reaching out to follow up on your recent visit to FundFlowFast.com. Yesterday, you took an important step towards securing the financial assistance you need, and we're here to ensure that your journey towards a solution is smooth and straightforward.

60.    The website FundFlowFast.com mentioned in paragraph (59) is owned and operated by Defendants.

61.    The email referred to in paragraph (40) further states ""What Happens Next? Complete Your Loan Verification: If you haven't already, click here to complete the quick verification form. This step is crucial for us to connect you with suitable lenders from our network."

62.    The email referred to in paragraph (40) finishes with "Rapid Response from Lenders: Once your information is submitted, our network of lenders will review your request. You can expect prompt responses, often instantly, as our partners are committed to timely assistance."

63.    Plaintiff clicked on the imbedded link in the email and completed the "quick verification form"

64.    Once completing the "quick verification form" Plaintiff is immediately transferred to the website www.speedycash.com.  The lead caption on the website reads.  "Congratulations! You've been connected with speedy cash Finalize application".

65.    Table A below displays text made to Plaintiff by Defendants:

TABLE A

| Call: | DATE-time: | Caller ID: |
|-------|------------|------------|
| 1 | 4/12/21 6:28 AM | 3853989363 |
| 2 | 4/15/21 8:29 AM | 2242980997 |
| 3 | 4/16/21 6:50 AM | 8104255381 |
| 4 | 4/19/21 6:15 AM | 8066020012 |
| 5 | 4/20/21 6:43 AM | 7245387171 |
| 6 | 4/21/21 6:30 AM | 5673645358 |
| 7 | 4/22/21 6:01 AM | 9842246307 |

COMPLAINT                                    16

| 8 | 4/23/21 8:50 AM | 3526566562 |
| 9 | 4/26/21 7:24 AM | 8339644272 |
| 10 | 4/28/21 8:02 AM | 8335471820 |
| 11 | 4/30/21 6:21 AM | 8337203036 |
| 12 | 5/3/21 12:40 PM | 8332524934 |
| 13 | 5/4/21 10:09 AM | 8332527113 |
| 14 | 5/6/21 11:20 AM | 8335242345 |
| 15 | 5/11/21 12:09 PM | 8335322043 |
| 16 | 5/12/21 6:42 AM | 8334612177 |
| 17 | 5/13/21 7:45 AM | 8338600563 |
| 18 | 5/19/21 12:23 PM | 8338120905 |
| 19 | 5/20/21 6:40 AM | 8334741674 |
| 20 | 5/31/21 11:29 AM | 2029774876 |
| 21 | 6/1/21 9:28 AM | 7208233640 |
| 22 | 6/4/21 1:33 PM | 2097982752 |
| 23 | 6/18/21 11:41 AM | 2097984097 |
| 24 | 6/22/21 12:56 PM | 7752516730 |
| 25 | 6/22/21 12:56 PM | 7752616335 |
| 26 | 7/2/21 10:38 AM | 7757430584 |
| 27 | 7/19/21 11:06 AM | 7753300930 |
| 28 | 7/20/21 7:30 AM | 7755990263 |
| 29 | 7/22/21 11:00 AM | 7756671785 |
| 30 | 7/22/21 11:53 AM | 7756671511 |
| 31 | 7/23/21 7:27 AM | 7756671289 |
| 32 | 7/26/21 11:17 AM | 7756676906 |
| 33 | 7/27/21 8:07 AM | 7757191110 |

COMPLAINT

| 34 | 7/28/21 10:04 AM | 7757195552 |
| 35 | 7/29/21 10:11 AM | 7757663207 |
| 36 | 7/30/21 9:15 AM | 7758602024 |
| 37 | 8/4/21 10:06 AM | 7758901719 |
| 38 | 8/5/21 11:19 AM | 2057946512 |
| 39 | 8/9/21 8:42 AM | 7752781134 |
| 40 | 8/13/21 7:23 AM | 7755142231 |
| 41 | 8/16/21 1:27 PM | 7755355067 |
| 42 | 8/17/21 9:42 AM | 7755995172 |
| 43 | 9/14/21 8:20 AM | 3024036630 |
| 44 | 9/15/21 8:23 AM | 5305633694 |
| 45 | 9/16/21 6:51 AM | 5595534384 |
| 46 | 9/17/21 6:25 AM | 5596604583 |
| 47 | 9/22/21 7:52 AM | 6615543032 |
| 48 | 9/24/21 9:08 AM | 2099265285 |
| 49 | 9/27/21 9:44 AM | 2137861602 |
| 50 | 9/28/21 11:19 AM | 3024062657 |
| 51 | 9/30/21 8:52 AM | 5304851502 |
| 52 | 10/4/21 9:04 AM | 6615456599 |
| 53 | 10/6/21 11:28 AM | 2099262798 |
| 55 | 10/7/21 9:56 AM | 2099266246 |
| 56 | 10/20/21 12:54 PM | 6163330743 |
| 57 | 12/30/21 11:27 AM | 8653529385 |
| 58 | 2/2/22 9:41 AM | 7474880765 |
| 59 | 2/4/22 11:20 AM | 2132215490 |
| 60 | 2/8/22 12:06 PM | 7734107524 |

COMPLAINT                                      18

| 61 | 2/11/22 11:18 AM | 4698030430 |
|----|------------------|------------|
| 62 | 2/16/22 11:18 AM | 6892425972 |
| 63 | 2/18/22 7:41 AM | 8186198467 |
| 64 | 3/4/22 9:58 AM | 6016675333 |
| 65 | 3/8/22 9:24 AM | 9152790990 |
| 66 | 3/22/22 8:48 AM | 7252575570 |
| 67 | 4/5/22 12:28 PM | 2102649817 |
| 68 | 4/27/22 7:08 AM | 3464629399 |
| 69 | 4/29/22 8:28 AM | 6673109948 |
| 70 | 5/3/22 7:36 AM | 8303279397 |
| 71 | 5/9/22 7:42 AM | 2135636375 |
| 72 | 5/13/22 7:48 AM | 7543648877 |
| 73 | 5/17/22 11:42 AM | 7732730035 |
| 74 | 5/25/22 8:20 AM | 2792783308 |
| 75 | 6/6/22 10:33 AM | 8322837694 |
| 76 | 6/9/22 2:21 PM | 9296207276 |
| 77 | 6/13/22 8:07 AM | 7735247934 |
| 78 | 6/16/22 7:45 AM | 2142185595 |
| 79 | 6/20/22 7:54 AM | 9803614725 |
| 80 | 6/24/22 8:26 AM | 7542095472 |
| 81 | 6/29/22 7:39 AM | 4704478445 |
| 82 | 7/6/22 9:27 AM | 6615038989 |
| 83 | 7/18/22 7:02 AM | 6194551235 |
| 84 | 7/18/22 7:02 AM | 9292581891 |
| 85 | 7/20/22 9:53 AM | 2812108226 |
| 86 | 7/20/22 9:53 AM | 2812108226 |

COMPLAINT

| 87 | 7/25/22 6:40 AM | 2136483624 |
|-----|-------------------|-------------|
| 88 | 7/25/22 6:40 AM | 2136483624 |
| 89 | 8/1/22 7:09 AM | 3472726318 |
| 90 | 8/5/22 8:20 AM | 4086905807 |
| 91 | 8/5/22 8:20 AM | 4086905807 |
| 92 | 8/8/22 5:47 AM | 7063940768 |
| 93 | 8/8/22 5:47 AM | 7063940768 |
| 94 | 8/15/22 7:02 AM | 4103201330 |
| 95 | 8/15/22 7:02 AM | 4103201330 |
| 96 | 8/19/22 7:04 AM | 2195775410 |
| 97 | 8/22/22 7:21 AM | 3464640735 |
| 98 | 9/2/22 6:37 AM | 6292611231 |
| 99 | 9/12/22 6:50 AM | 4708601809 |
| 100 | 9/21/22 8:48 AM | 8328127965 |
| 101 | 9/23/22 9:23 AM | 6025663285 |
| 102 | 9/30/22 8:14 AM | 3465583707 |
| 103 | 10/3/22 7:07 AM | 7255774164 |
| 104 | 10/5/22 8:41 AM | 4708832621 |
| 105 | 10/7/22 10:32 AM | 4709393923 |
| 106 | 10/19/22 7:49 AM | 2679346924 |
| 107 | 10/26/22 8:21 AM | 9452169482 |
| 108 | 11/11/22 3:47 PM | 4147884643 |
| 109 | 11/14/22 9:05 AM | 2028178315 |
| 110 | 11/16/22 11:02 AM | 5402952598 |
| 111 | 11/21/22 9:59 AM | 6192147802 |
| 112 | 11/30/22 11:04 AM | 2249332567 |

COMPLAINT

| 113 | 12/2/22 10:44 AM | 3642031870 |
| 114 | 12/5/22 1:51 PM | 4709830400 |

66.     Each and every text message redirects to a website owned by the Defendants and soliciting personal loans.

67.     One of Defendants' ventures is making personal loans.

68.     Defendants do not have any prior existing business relationship with Plaintiff. Plaintiff has never been a customer or client of Defendants. Defendants had no reason to have Plaintiff's phone number.  A random phone search is the only explanation for why the text messages were sent.

69.     The marketing messages are not directed to the Plaintiff and could have been sent to any person in the United States with a cell phone.

70.     Defendants do not know Plaintiff's phone number and thus had no ability to include the number 619 4X5-X2X5 as part of a database or spreadsheet.

71.     Defendants sent multiple texts sent to the Plaintiff from different phone numbers, often within hours or seconds of each other.

72.     Defendants sent multiple texts from different numbers having

identical language in the body of the texts.

73.   Upon information and good faith belief, and in light of the nature and character of the text messages at issue—standardized, impersonal, identical spelling, and sent from different phone numbers—the advertisement and marketing text messages at issue were sent by using ATDS as defined by 47 U.S.C. § 227(a)(1).

74.   Plaintiff did not give Defendants his prior express written consent to receive the text messages.

75.   Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

76.   Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

77.   No emergency necessitated any of the alleged illegal automated text messages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

78.   Defendant's automated text messages harmed Plaintiff by causing the

very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

79.     Defendant's automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

80.     Defendant's automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

81.     Defendants has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## Plaintiff's cell phone is a residential number

82.     The text messages were to Plaintiff's cellular phone ending 619-4x5-x2x5 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

COMPLAINT                              23

## COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent
### (Against All Defendants)

83.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

84.   Defendants and/or their agents placed automated text messages to Plaintiff's cellular telephone.

85.   Plaintiff never consented to receive automated text messages from Defendants.  Plaintiff has had no relationship with Defendants.

86.   Defendant's automated text messages were made for purposes of advertising and marketing their goods and services.  These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

87.   As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful text message campaigns.

88.   Not only did Defendants make these violating automated text messages, but Defendants and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

89.   If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))
### (Against All Defendants)

90.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

91.   The foregoing acts and omissions of Defendants  and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

92.   Plaintiff was statutorily damaged at least one hundred-fourteen (114) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the automated text messages described above, in the amount of $500 per automated text message.

93.   Plaintiff is entitled to an award of at least $500 in damages for each such violation.

47 U.S.C. § 227(c)(5)(B).

94.   Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:
### Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

95.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

96.   The foregoing acts and omissions of Defendants  and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

   a. A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

97.   Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

98.   Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendants jointly and severally as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

COMPLAINT                    27

B.   A declaration that actions complained of herein by Defendants violates the TCPA and California state law;

C.   An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.   An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for one hundred-fourteen (114) automated text messages.

E.   An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for one hundred-fourteen (114) automated text messages.

F.   An award to Mr. Charman of damages, as allowed by law under the TCPA;

G.   An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H.   Such further relief as the Court deems necessary, just, and proper.

Dated: April 17, 2024          Respectfully submitted,


By: /s/ Thane charman

THANE CHARMAN
*Plaintiff, Pro Se*