BUCHALTER
A Professional Corporation
ARTIN BETPERA (SBN: 244477)
ADELINE TUNGATE (SBN: 333577)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: abetpera@buchalter.com
       atungate@buchalter.com

Attorneys for Defendant
CALIFORNIA CHECK CASHING STORES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual, | Case No. 24-cv-0695-BAS-MMP |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| vs. | |
| CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a Delaware limited liability company, Erroneously Sued As CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a California limited liability company, and DOES 1 through 10, inclusive, and Each Of Them, | Judge: Hon. Cynthia Bashant |
| | Date: August 26, 2024 |
| | Courtroom: 12B |
| | **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |
| Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Case No. 24CV0695 BAS MMP

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................1

II. SUMMARY OF COMPLAINT ............................................................1

III. DISCUSSION ........................................................................................3

    A. Legal Standard ...........................................................................3

    B. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Directly Liable for the Alleged TCPA Violations .............................3

    C. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable for the Alleged TCPA Violations ..........................4

        1. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Actual Authority ..................................................................4

        2. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Apparent Authority ...........................................................8

        3. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Texts Under a Theory of Ratification .............................................................................9

        4. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Respondeat Superior ..............................................10

IV. CONCLUSION ...................................................................................11

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Armstrong v. Investor's Bus. Daily, Inc.*,
　2020 WL 2041935 (C.D. Cal. Mar. 6, 2020) ..................................................... 5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ........................................................................................... 3

*Batzel v. Smith*,
　333 F.3d 1018 (9th Cir. 2003) ........................................................................... 9

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 ....................................................................................................... 3

*Brown v. Nano Hearing Tech Opco, LLC*,
　2024 WL 3367536 (S.D. Cal. July 9, 2024) ............................................. 3, 8, 9

*Ewing v. Encor Solar, LLC*,
　2019 WL 277386 (S.D. Cal. Jan. 22, 2019) ...................................................... 5

*Fabricant v. Elavon, Inc.*,
　2020 WL 11884505 (C.D. Cal. Aug. 25, 2020) ............................................ 6, 7

*Gomez v. Campbell-Ewald Co.*,
　768 F.3d 871 (9th Cir. 2014) ............................................................................. 4

*Jones v. Royal Admin. Servs.*,
　887 F.3d 443 (9th Cir. 2018) ................................................................... 4, 5, 10

*Kristensen v. Credit Payment Servs.*,
　879 F.3d 1010 (9th Cir. 2019) ........................................................................... 9

*Linlor v. Five9, Inc.*,
　2017 WL 2972447 (S.D. Cal. July 12, 2017) ................................................... 4

*Makaron v. GE Sec. Mfg., Inc.*,
　2015 WL 3526253 (C.D. Cal. May 18, 2015) .................................................. 8

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**　　　　Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ..................................................................... 3

*Naiman v. TranzVia LLC*,
  2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ............................................... 6

*NLRB v. Dist. Council of Iron Workers*,
  124 F.3d 1094 (9th Cir. 1997) ..................................................................... 8

*Pascal v. Agentra, LLC*,
  2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ........................................ 5, 6

*Stark v. Stall*,
  2020 WL 13158003 (S.D. Cal. Aug. 20, 2020) ....................................... 6, 7

*Thomas v. Taco Bell Corp.*,
  582 F. App'x 678 (9th Cir. 2014) ............................................................ 4, 8

*Thomas v. Taco Bell Corp.*,
  879 F. Supp. 2d 1079 (C.D. Cal. 2012) ...................................................... 4

**Statutes**

47 U.S.C. § 227 ................................................................................................... 3

47 U.S.C. § 227(b) .............................................................................................. 3

47 U.S.C. § 227(c) .............................................................................................. 3

**Other Authorities**

47 C.F.R. § 64.1200(c) ....................................................................................... 3

Fed. R. Civ. P. 8 .................................................................................................. 3

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 3

Restatement (Third) Of Agency § 3.03, cmt. .................................................... 8

Restatement (Third) Of Agency § 7.08 (2006) ................................................. 8

iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

## I. INTRODUCTION

Plaintiff and serial pro-se litigant Thane Charman has sued Defendant California Check Cashing Stores, LLC dba Speedy Cash ("Speedy Cash") for allegedly sending him 114 "unauthorized automated text messages," in violation of the Telephone Consumer Protection Act ("TCPA"). The alleged text messages at issue were sent from a variety of different phone numbers, and referred Plaintiff to a variety of different websites for the apparent purpose of encouraging Plaintiff to apply for a loan. Plaintiff does not allege that any of these phone numbers are associated with Speedy Cash, the text messages themselves do not reference Speedy Cash, and none of the various website links contained in the messages received by Plaintiff are to Speedy Cash's website.

Plaintiff attempts to attribute these 114 messages to Speedy Cash on the basis that: (1) he visited www.citywideloans.com, which was one of the many different websites referenced in the various text messages; (2) completed a loan application on the website; (3) after completing the application, received an e-mail asking him to complete a verification form so that the website "could connect [him] with suitable lenders from our network"; and (4) after completing the verification form, he was transferred to the www.speedycash.com website.

As discussed below, Plaintiff's attempts to attribute the 114 messages at issue to Speedy Cash amounts to pure speculation. Plaintiff's Complaint is devoid of any factual allegations through which he can plausibly claim that Speedy Cash either directly sent him the 114 messages at issue, or may be vicariously liable for sending those messages. Accordingly, the Court should dismiss Plaintiff's Complaint.

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that between April 21, 2021, and December 5, 2022, he received 114 text messages to his cellular telephone number. Complaint, ¶¶ 32-57,

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)    Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

65 (Table A). The messages were sent from various different phone numbers, and contained links to various different websites (such as thecashloansameday.com, searchcash-loans-us.com, primeclicklends.com, and citywideloan.com). *Id*. These messages appear to have been sent for the purpose of encouraging Plaintiff to obtain loans. *Id*.

On February 27, 2024—about a year after receiving the last of the texts at issue—Plaintiff allegedly visited www.citywideloans.com, which was one of the number of websites referenced in the assortment of 114 text messages alleged in the Complaint. Complaint, ¶ 57. Plaintiff claims he went through the "loan approval process," on this website, and then was sent an e-mail on February 28, 2024 stating:

> Dear customer, I hope this message finds you well. I'm reaching out to follow up on your recent visit to FundFlowFast.com. Yesterday, you took an important step towards securing the financial assistance you need, and we're here to ensure that your journey towards a solution is smooth and straightforward.

Plaintiff does not allege the e-mail address from which this February 28, 2024 e-mail was sent. According to Plaintiff, this e-mail also contained a link for Plaintiff to "complete the quick verification form." Complaint, ¶ 61. Plaintiff alleges he clicked on this link, was taken to a website (although he does not allege the URL of this website), and completed a "quick verification form" on this unspecified site. Complaint, ¶ 63. After completing this form, Plaintiff was then allegedly "transferred" to the www.speedycash.com website. FAC, ¶ 64.

It is solely on this basis Plaintiff theorizes that Speedy Cash is somehow responsible for the random assortment of 114 text messages alleged in the Complaint. Based upon these allegations, Plaintiff has alleged two causes of action against Speedy Cash for violations of the TCPA.

/ / /

/ / /

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

## III.   DISCUSSION

### A.   Legal Standard

Fed. R. Civ. P. 8 requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). In considering a motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleading in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B.   Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Directly Liable for the Alleged TCPA Violations

The TCPA, 47 U.S.C. § 227, prohibits certain calls using an automatic telephone dialing system without the consent of the called party. 47 U.S.C. § 227(b). The TCPA also prohibits making telephone solicitations to telephone numbers registered on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). "Direct liability under the TCPA applies only to persons or entities that directly 'make' or 'initiate' calls, which requires 'tak[ing] the steps necessary to physically place' the call." *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024) (citations omitted).

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

Here, Plaintiff does not allege that Speedy Cash took any steps necessary to physically send any of the 114 text messages at issue. Nor does Plaintiff's Complaint contain any factual allegations that any of the numbers from which he received the text messages at issue belonged to Speedy Cash. As such, Plaintiff has failed to plausibly plead that Speedy Cash is directly liable for sending him any of the text messages at issue.

### C. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable for the Alleged TCPA Violations

Plaintiff's theory of the case appears to be that the text messages at issue were sent by unidentified Doe defendants, and that Speedy Cash is vicariously liable for these unidentified defendants' alleged TCPA violations. See Complaint, ¶¶ 21, 26-31. ). "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014). There are four "paths" recognized by the Ninth Circuit based upon "bedrock theories of agency" through which "[t]he legal consequences of an agent's actions may be attributed to a principal." *Jones v. Royal Admin. Servs.*, 887 F.3d 443, 448 (9th Cir. 2018). Those paths are actual authority, apparent authority, ratification, and employment (or respondeat superior). *Id.* at 49.

#### 1. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Actual Authority

In the context of the TCPA, courts within the Ninth Circuit have held that to establish a formal agency relationship, the plaintiff must show that the alleged principal "controlled ... the manner and means," of the calls at issue. See *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), aff' d, 582 F.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

App'x. 678 (9th Cir. 2014); *Linlor v. Five9, Inc.*, No. 17CV218-MMA (BLM), 2017 WL 2972447, at *3 (S.D. Cal. July 12, 2017) ("In order to allege a traditional agency relationship, Plaintiff would have to allege Defendant "controlled or had the right to control [the entity responsible for the text messages] and, more specifically, the manner and means of the text message campaign they conducted.") (brackets in original); *Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *7 (S.D. Cal. Jan. 22, 2019) ("for Encor to be liable under an agency theory Plaintiff must show that it controlled or had the right to control Sunrun, Bargain Electricity and the other named defendants - specifically the manner and means of all the calls made to Ewing.")

Actual authority, in turn, "is limited to actions specifically mentioned to be done in a written or oral communication or consistent with a principal's general statement of what the agent is supposed to do." *Jones*, 887 F.3d at 449 (quotation marks omitted). In the context of the TCPA, this means that a principal may only be liable for an agent's TCPA violations under a theory of actual authority where the principal has specifically authorized the agent to make calls or send text messages "in violation of the TCPA." *Armstrong v. Investor's Bus. Daily, Inc.*, No. CV182134MWFJPRX, 2020 WL 2041935, at *7 (C.D. Cal. Mar. 6, 2020); see also *Jones*, 887 F.3d at 449 (actual authority lacking where agent's authority limited by contractual clause prohibiting "any act or omission that violates applicable state or Federal law."); *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019) (to establish actual authority a plaintiff must allege that the principal "communicated a direction" to the agent "to engage in robocalls or the robocalls were consistent with [the principal's] general statement of what [the agent] was supposed to do.") (internal quotation marks omitted).

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)    Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

Here, Plaintiff attempts to plead actual authority by alleging, in highly conclusory fashion, that Speedy Cash:

- Contracted with defendant Doe to market and solicit personal loans;
- Supplied Doe with the prequalification requirements to purchase the personal loan product being marketed by Doe on behalf of [Speedy Cash];
- Supplied Doe with instructions which states [sic] to text and which hours to place the solicitation texts;
- Benefit[ted] from the telemarketing texts;
- Working thru [sic] Doe provided real time quotes and pricing information for the personal loans.

Complaint, ¶¶ 26-30.

These allegations are nothing more than conclusions, and cannot support any theory of vicarious liability, whether based on actual authority or otherwise. These allegations are not "supported by facts that showed *how* the alleged principal did th[ese] things or *how* it knew th[ese] things," and are "therefore insufficient to allow the court to plausibly infer a theory of vicarious liability." *Fabricant v. Elavon, Inc.*, No. 220CV02960SVWMAA, 2020 WL 11884505, at *5 (C.D. Cal. Aug. 25, 2020); see also *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019) (finding that similar conclusory allegations were "insufficient to support a theory of agency liability based on actual authority."); *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, at *10 (N.D. Cal. Dec. 4, 2017) (same); *Stark v. Stall*, No. 19-CV-00366-AJB-AHG, 2020 WL 13158003, at *4 (S.D. Cal. Aug. 20, 2020) (same).

That leaves Plaintiff's attempt to connect Speedy Cash with the text messages through his alleged visit to the www.citywideloans.com website. To

6
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**   Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

summarize those allegations, Plaintiff claims that, about a year after receiving the last of the 114 texts at issue, he visited the citywideloans.com website. Complaint, ¶ 57. This website was one of the multitude of different websites referenced in the texts Plaintiff claims he received. *Id*. Plaintiff allegedly filled out some kind of application on the citywideloans.com website, and the next day he received an e-mail from a *different* website—FundFlowFast.com—providing him a link to complete a "verification form." Complaint, ¶ 58-59. Plaintiff alleges he clicked on this link, was taken to yet another website (the URL of which he does not allege), and completed the verification form. Complaint, ¶ 61-63. After completing this form, Plaintiff was allegedly transferred to the www.speedycash.com website. Complaint, ¶ 64.

Plaintiff's attempt to use these alleged facts to tie Speedy Cash to the 114 texts at issue amounts to speculation. *Stark*, 2020 WL 13158009, at *4 (finding that similar speculative allegations were insufficient to allege vicarious liability for TCPA violations under a theory of actual agency). Moreover, far less attenuated connections between a defendant and a caller have been found by District Courts to be insufficient to plausibly plead vicarious liability for TCPA violations. See e.g. *id*. at *1-4 (allegations that third party called the plaintiff to schedule an appointment with the defendant, resulting in the defendant showing up for an appointment at defendant's residence, were insufficient to plausibly plead actual authority); *Fabricant v. Elavon, Inc.*, No. 22-CV-2960, 2020 WL 11884505, at *5 (C.D. Cal. Aug. 25, 2020) ("Allegations that third parties stated during calls that "they were offering [the defendant's] services were insufficient to plausibly plead actual authority.") Simply put, Plaintiff's conclusory and speculative allegations do not suffice to plausibly plead the existence of an agency relationship between Speedy Cash, and the unidentified third parties that sent the texts at issue.

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**   Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

### 2. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Apparent Authority

"[A]pparent-authority doctrine is operative in explaining a principal's vicarious liability when a third party's reasonable belief in an agent's authority to speak or deal on behalf of a principal stems from a manifestation made by the principal and it is through statements or dealings that the agent acts tortiously." Restatement (Third) Of Agency § 7.08 (2006). "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *NLRB v. Dist. Council of Iron Workers*, 124 F.3d 1094, 1099 (9th Cir. 1997) (internal citation omitted). "Apparent authority cannot be established merely by showing that [the agent] claimed authority or purported to exercise it, but must be established by proof of something said or done by the [principal] on which [the plaintiff] reasonably relied." *Id*; see also, *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (same).

Accordingly, "[j]ust because an entity sells a particular brand of products does not mean that that entity has apparent authority to speak or act for that brand." *Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274-GW AGRX, 2015 WL 3526253, at *9 (C.D. Cal. May 18, 2015). Instead, apparent authority "is present only when a third party's belief is traceable to manifestations of the principal. The fact that one party performs a service that facilitate the other's business does not constitute such a manifestation." Restatement (Third) Of Agency § 3.03, cmt. b (2006).

Here, Plaintiff's Complaint does not contain any factual allegations which would establish that Speedy Cash is vicariously liable for the text messages under a theory of apparent authority. Plaintiff does not allege anywhere in the Complaint that he ever interacted with anyone from Speedy Cash, much less that Speedy Cash

8

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**   Case No. 24CV0695 BAS MMP

BN 83734340v1

took any actions that led Plaintiff to believe the unidentified Doe defendants were authorized by Speedy Cash to send Plaintiff text messages. See *Brown v. Nano Hearing Tech*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *5 (S.D. Cal. July 9, 2024) ("Brown's apparent authority theory fails because Brown fails to allege any facts of interaction between Nano and Brown or Nano and the callers that could support a belief that the callers had authority to make calls on Nano's behalf. Allegations of the alleged agents' statements alone are insufficient.") (citation omitted).

    3.  Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Texts Under a Theory of Ratification

Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2019) (quoting from Restatement (Third) of Agency § 4.01(1)). An act may be ratified "if the actor acted or purported to act as an agent on the person's behalf." *Id*. Accordingly, "[although a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003). Even when a principal ratifies an agent's act, "the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Kristensen*, 879 F.3d at 1014.

To the extent Plaintiff is alleging a ratification theory in his Complaint, that theory fails because Plaintiff has failed to plausibly plead the existence of an agency relationship in the first instance. *Batzel*, 333 F.3d at 1036; see also *Brown v. Nano Hearing*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *6 (S.D. Cal. July 9, 2024) ("Here, Brown's ratification theory fails for the same reasons her

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)  Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

other vicarious liability theories fail: she has not sufficiently pleaded an agency relationship.") Moreover, even if Plaintiff had plausibly plead the existence of an agency relationship, Plaintiff's has failed to allege any facts establishing that Speedy Cash had "knowledge of material facts," (i.e. that the unidentified Doe defendants were sending Plaintiff text messages in violation of the TCPA). As such, Plaintiff has failed to plausibly plead that Speedy Cash is vicariously liable for any one of the 114 texts at issue under a theory of ratification.

### 4. Plaintiff Has Failed to Plausibly Plead That Speedy Cash is Vicariously Liable For the Text Messages Under a Theory of Respondeat Superior

The Ninth Circuit has recognized that in certain circumstances a defendant may be held vicariously liable for a telemarketer's violation "as if it were an employer" of the telemarketer. *Jones*, 887 F.3d at 453. The court in *Jones* articulated a 10-factor test for determining when "the principal may be held vicariously liable to the same extent as an employer may be held liable for the conduct of its employee[.]" *Id*. at 450. Those 10 factors are as follows:

> 1) the control exerted by the employer, 2) whether the one employed is engaged in a distinct occupation, 3) whether the work is normally done under the supervision of an employer, 4) the skill required, 5) whether the employer supplies tools and instrumentalities [and the place of work], 6) the length of time employed, 7) whether payment is by time or by the job, 8) whether the work is in the regular business of the employer, 9) the subjective intent of the parties, and 10) whether the employer is or is not in business.

Similar to the other theories discussed above, Plaintiff's Complaint is devoid of non-conclusory factual allegations that would establish Speedy Cash employed any of the unidentified third parties that sent Plaintiff the text messages.

/ / /

/ / /

/ / /

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

## IV. CONCLUSION

For the reasons set forth above, Speedy Cash respectfully requests that the Court grant its motion, and dismiss Plaintiff's Complaint with prejudice.

DATED: July 22, 2024

BUCHALTER
A Professional Corporation

By: */s/ Artin Betpera*
ARTIN BETPERA
ADELINE TUNGATE
Attorneys for Defendant
CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2024, I caused to be served a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** on the following person(s) in the manner indicated below at the following address(es):

Thane Charman
2270 Boundary Street
San Diego, CA 92104
Email: obey.tcpa@gmail.com
Via U.S. mail and email

BUCHALTER
A Professional Corporation

By: */s/ Artin Betpera*
ARTIN BETPERA
ADELINE TUNGATE
Attorneys for Defendant
CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**    Case No. 24CV0695 BAS MMP

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 83734340v1