UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                              Plaintiff,<br><br>    v.<br><br>CALIFORNIA CHECK CASHING STORES, LLC, *et al.*,<br><br>                             Defendants. | Case No. 24-cv-0695-BAS-MMP<br><br>**ORDER:**<br>    1. **ISSUING SUMMONS FOR FIRST AMENDED COMPLAINT (ECF No. 14); AND**<br>    2. **TERMINATING AS MOOT MOTION TO DISMISS (ECF No. 7)** |

       Presently before the Court is Plaintiff's First Amended Complaint. (ECF No. 14.) Plaintiff is proceeding pro se. Plaintiff previously requested an extension to respond to Defendants' Motion to Dismiss. (ECF No. 11.) Thereafter, Plaintiff filed the First Amended Complaint instead of an opposition to Defendants' Motion to Dismiss. (ECF No. 14.) Consequently, Plaintiff has submitted a First Amended Complaint that fails to comply with the requirements of Rule 15(a) of the Federal Rules of Civil Procedure.

       Rule 15(a) permits amendment of pleadings as a matter of course in limited circumstances. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under

Rule 12(b), (e), or (f), whichever is earlier." Fed. R .Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2).

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." As such, granting leave to amend rests within the trial court's sound discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). And the Ninth Circuit has held that leave to amend should be freely granted. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, the Court recognizes Plaintiff incorrectly submitted the First Amended Complaint beyond the 21-day deadline for an amendment as a matter of course. Further, Plaintiff has not received the opposing parties' written consent. On the other hand, Plaintiff submitted the First Amended Complaint within the extension granted by the Court to respond to Defendants' Motion to Dismiss, and the Court acknowledges Plaintiff's good faith efforts to comply with the Federal Rules of Civil Procedure as a pro se litigant. Thus, the Court exercises its discretion and accepts the First Amended Complaint in the interest of justice.

Moreover, "an amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Accordingly, Plaintiff's First Amended Complaint supersedes the original Complaint, making Defendants' Motion to Dismiss moot. Defendants can renew any arguments when responding to the First Amended Complaint.

In light of the foregoing, the Clerk of Court shall issue a summons for the First Amended Complaint. Additionally, the Court **TERMINATES AS MOOT** Defendants' Motion to Dismiss. (ECF No. 7.)

**IT IS SO ORDERED.**

**DATED: September 23, 2024**

Hon. Cynthia Bashant
United States District Judge