**MANATT, PHELPS & PHILLIPS, LLP**
PATRICE RUANE (CA Bar # 347128)
E-mail: PRuane@Manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone: 310.312.4000
Facsimile:   310.312.4224

*Attorneys for Defendant*
*Leadsmarket.com LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual, | Case No.  3:24-cv-00695-BAS-MMP |
| *Plaintiff,* | |
| vs. | **NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO EXTEND DEFENDANT LEADSMARKET.COM LLC'S DEADLINE TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |
| CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a California Limited Liability Company, and LEADSMARKET.COM, LLC, a Nevada Limited Liability Company, | |
| *Defendants.* | |
| | Judge: Hon. Cynthia Bashant |
| | Date: January 6, 2025 |
| | Courtroom: 12B |
| | **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD (IF ANY):**

PLEASE TAKE NOTE THAT that, on January 6, 2025, Defendant Leadsmarket.com LLC, pursuant to and in accordance with Fed. R. Civ. P. 6(b), Civil Local Rule 12.1, and any standing orders of this Court, will and does hereby respectfully move this Court for an extension of time to answer, move, or otherwise respond to the First Amended Complaint (*see* Dkt. 14) filed by Plaintiff Thane Charman in the above-captioned matter, <u>to and including January 8, 2025</u>. This motion is **<u>unopposed</u>**. The grounds for this Motion are that there is "good cause" under applicable rules and law for granting the requested extension, as further set forth in the following incorporated Memorandum of Points and Authorities.

This Motion is based on this Notice of Motion and Motion, the following incorporated Memorandum of Points and Authorities, all documents and information properly subject to judicial notice, all other pleadings and papers filed in this Action, and any argument that may be presented to the Court.

**<u>INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Defendant Leadsmarket.com LLC ("Defendant") hereby respectfully moves this Court for an extension of time to respond to the First Amended Complaint (*see* Dkt. 14, "FAC") filed by Plaintiff Thane Charman ("Plaintiff") in the above-captioned matter, <u>to and including January 8, 2025</u>, stating as grounds as follows:

1.     Plaintiff's FAC, which seeks individual (non-class) relief under the Telephone Consumer Protection Act ("TCPA") and named Defendant as a party in this matter, was filed on September 16, 2024. *See* Dkt. 14.

2.     On October 9, 2024, Defendant waived service of process pursuant to Fed. R. Civ. P. 4(d) (*see* Dkt. 17), which by operation of Fed. R. Civ. P. 12(a)(1)(A)(ii) and Fed. R. Civ. P. 6(a)(1)(C) makes Defendant's initial (and *current*) deadline to answer, move, or otherwise respond to the FAC December 9, 2024.[1]

3.     Through this Motion, Defendant seeks, and Plaintiff has agreed to, a modest extension of thirty (30) days of the aforementioned initial responsive pleading deadline, to and including January 8, 2025, for the reasons stated below.

4.     There are several reasons as to why Defendant and its counsel seek and are in need of an extension of time as to Defendant's aforementioned initial responsive pleading deadline: *First*, Defendant and the undersigned counsel need sufficient time to confer with their client, adequately investigate the underlying facts and allegations in the FAC, prepare an appropriate responsive pleading(s), and potentially explore an extra-judicial resolution with Plaintiff, the latter of which may obviate the need for Defendant to respond to the FAC altogether if successful. *Second*, Defendant's counsel have several unmovable professional and personal scheduling conflicts with the current pleading deadline, which make completing the foregoing tasks by the current deadline extraordinarily difficult, if not impossible.

---

[1] Sixty days after the waiver date falls on a Sunday (specifically, December 8, 2024). By operation of Fed. R. Civ. P. 6(a)(1)(C), therefore, the current deadline automatically moved to the next business day, which is Monday, December 9, 2024.

*Third*, Defendant's current deadline is in the middle of the 2024-2025 holiday season, making the current deadline impracticable for all given that briefing on any potential dispositive motion would impact the holidays. *Fourth*, though it denies liability, Defendant desires to explore an extra-judicial resolution of this dispute with Plaintiff without incurring additional legal expenses or burdening the Court or its resources, and therefore requires additional time prior to the current deadline to do so. *Fifth,* a short extension will promote efficiency and conserve judicial and party resources, by allowing Defendant sufficient time to investigate the Plaintiff's claims, and to attempt to reach an extra-judicial resolution with Plaintiff without engaging in motion practice or burdening the Court or its resources.

5.    Defendant has not previously requested an extension in this matter.

6.    On December 3, 2024, counsel for Defendant conferred with Plaintiff, who is appearing pro se, regarding this Motion prior to its filing, who indicated in writing on December 4, 2024, that he has no objection to and does not oppose the requested extension of 30 days for Defendant to answer, move, or otherwise respond to the FAC. This Motion is therefore unopposed.

7.    The foregoing request is not being made for the purpose of delay, and is made in good faith and for the purposes of efficiency and judicial and party economy. Since this matter is still in its early stages, there are no other parties to this matter impacted by this request, and Plaintiff does not oppose, the requested extension will not result in any prejudice to anyone or impact the timely resolution of this case.

8.    Thus, "good cause" exists for granting this extension for at least the reasons above.

9.    In seeking the foregoing extension, Defendant does not waive, and expressly reserves, any and all rights, objections, and defenses relating to the FAC and otherwise, including jurisdictional defenses, any arbitral rights, and the right to move to dismiss the FAC or to compel arbitration, if/when appropriate.

WHEREFORE, Defendant respectfully requests that the Court enter an order

extending its deadline to respond to Plaintiff's First Amended Complaint (*see* Dkt. 14) to and including January 8, 2025, along with granting Defendant all other just and appropriate relief. Pursuant to the Court's Standing Order for Civil Cases, a proposed order will be submitted to chambers.

Dated:  December 4, 2024          MANATT, PHELPS & PHILLIPS, LLP


                                  By: /s/ Patrice Ruane
                                      Patrice Ruane
                                      *Attorneys for Defendant*
                                      *Leadsmarket.com LLC*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served electronically on all parties of record and their counsel (if any) via the Court's CM/ECF filing system on December 4, 2024, upon filing of same.

By: /s/ Patrice Ruane
Patrice Ruane