**MANATT, PHELPS & PHILLIPS, LLP**
PATRICE S. RUANE (CA Bar # 347128)
E-mail: PRuane@Manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone:  310.312.4000
Facsimile:   310.312.4224

*Attorneys for Defendant*
*Leadsmarket.com LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>*Plaintiff*,<br><br>vs.<br><br>CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a California Limited Liability Company, and LEADSMARKET.COM, LLC, a Nevada Limited Liability Company,<br><br>*Defendants*. | No. 3:24-cv-00695-BAS-MMP<br><br>**REPLY IN SUPPORT OF DEFENDANT LEADSMARKET.COM LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Cynthia Bashant<br>Date: February 17, 2025<br>Courtroom: 12B<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

# INTRODUCTION

In its Motion to Dismiss (the "Motion"), Defendant Leadsmarket.com LLC ("Leadsmarket") offered at least five independent, well-supported reasons as to why Plaintiff's First Amended Complaint (*see* Dkt. 14, the "FAC") is fatally flawed and should be dismissed in its entirety. In his perfunctory Opposition to the Motion (*see* Dkt. 32, the "Opposition"[1]), Plaintiff declines to respond to nearly every argument in the Motion, and therefore he has conceded all those issues.[2] Plaintiff also does not cite any substantive legal authority in his Opposition, let alone any showing that the threadbare and wholly conclusory allegations in his FAC meet federal pleadings standards. That is because none exists. And, of course, it is axiomatic that even *pro se* plaintiffs must actually plead some plausible facts to support their claims if they hope to survive dismissal under Fed. R. Civ. P. 12.[3] Yet, Plaintiff's Opposition does not show where these facts exist in his FAC. Again, that is because no such facts were pled.

Instead, and at best, Plaintiff's Opposition offers only a self-serving declaration accompanied by unauthenticated extrinsic evidence that this Court cannot consider under Rule 12(b)(6), and indicates that he will voluntarily dismiss one claim (his ATDS claim in Count I) because he admits that he cannot adequately plead it. In any event, Leadsmarket agrees Plaintiff has not adequately pled, and indeed *cannot* plead, a viable ATDS claim under the TCPA. The balance of his Opposition falls flat.

---

[1] All other capitalized terms below have the same meaning as in the Motion, unless otherwise specified. Motion citations refer to the Memorandum of Law, Dkt. 29-1.
[2] *See, e.g., Quick Korner Market v. U.S. Dep't of Agric., Food and Nutrition Serv.*, 180 F.Supp.3d 683, 696 n.12 (S.D. Cal. 2016) (Bashant, J).
[3] *See, e.g., Thomas v. Donovan*, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020), *appeal dismissed*, 2021 WL 4190734 (9th Cir. June 23, 2021); *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

# ARGUMENT

## I. The FAC Does Not Adequately Allege Direct or Vicarious TCPA Liability, and Plaintiff's Opposition Does Not Save It.

The Motion demonstrates that, as a threshold matter, Plaintiff fails to plausibly allege facts supporting a theory of liability under the TCPA (*i.e.*, direct or vicarious liability), which alone is fatal to all TCPA claims in the FAC. *See* Dkt. 29-1 at 9–17. In response, Plaintiff asserts only that he received text messages from "City Wide" that directed him to https://citywideloan.com, and the messages were addressed to someone named "Pamela." Dkt. 32 at 3–4. As noted in the Motion, however, these allegations offer nothing to support an inference that Leadsmarket itself physically sent the text messages at issue or that Leadsmarket had any control over the manner and means of a call campaign conducted by a third party that resulted in the at-issue messages.[4] *See* Dkt. 29-1 at 9–17 (citing, *inter alia*, *Sheski v. Shopify (USA) Inc.*, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)); *In re Monitronics Int'l, Inc., TCPA Litig.*, 223 F.Supp.3d 514, 520 (N.D. W. Va. 2016), *aff'd sub nom.*, 885 F.3d 243 (4th Cir. 2018)). Plaintiff does not respond to these arguments in his Opposition, nor does he cite any contrary authority.

Plaintiff goes on to claim he sent a subpoena to a third party, "namecheap.com," and received "a true and correct copy of the ownership documents for https://citywideloan.com." Dkt. 32 at 3-4; Dkt. 32-1 at ¶ 6; Dkt. 32-2 ("Plaintiff's Exhibit A"). This document is not properly before this Court and should not be considered. Indeed, absent some limited exceptions that do not apply here, it is axiomatic that a federal district court generally "may not consider any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250

---

[4] Also as noted in the Motion, these allegations also directly contradict a finding that Leadsmarket can be found directly or vicariously liable for messages sent by or on behalf of "City Wide" or citywideloan.com. Dkt. 29-1 at 14; *see also Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015) (directly contradictory allegations are inherently implausible and do not comport with basic pleading standards).

F.3d 668, 689 (9th Cir. 2001) (citation omitted). Nor may this Court properly take judicial notice of Plaintiff's Exhibit A. *See, e.g.*, Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Novobilski v. Specialized Loan Servicing, LLC*, 2022 WL 3566812, at *2 (C.D. Cal. Aug. 16, 2022) ("Under [the Fed. R. Evid. 201(b)] standard, courts may take judicial notice of '**undisputed** matters of public record,' but generally may not take judicial notice of '**disputed** facts stated in public records.'") (emphasis added). And at bottom, Plaintiff's self-serving declaration does not fulfill his legal obligation under Rule 12(b)(6) to plead actual non-conclusory facts <u>in his pleading</u> supporting the elements of his claims. *See, e.g.*, *Ducolombier v. Royal Ent., Inc.*, 2014 WL 12966964, at *3 (C.D. Cal. Dec. 16, 2014) ("[F]or the purposes of a motion to dismiss, the Court cannot consider a self-serving declaration because it would require the Court to consider evidence outside of the pleadings."). The Motion details at length how Plaintiff failed to plead such facts here. His Opposition does not show otherwise.

Moreover, even if this Court could consider Plaintiff's Exhibit A and Plaintiff's argument thereon (and it should not), it would still not support a finding that Leadsmarket is either directly or vicariously liable for the texts at issue. Plaintiff claims (which is not conceded here) that Exhibit A "confirms Defendant Leadsmarket is the owner and operator of https://citywideloan.com." Dkt. 32 at 4. Even if taken as true here, it does not support either that Leadsmarket (1) directly and physically sent each text message at issue, as required to plead direct TCPA liability; or (ii) was in a common law agency relationship with (the touchstone of which in a TCPA case is having sufficient "control" over) a third party who did physically text him and controlled that party's marketing campaign, as required to plead vicarious TCPA liability. *See* Dkt. 29-1 at 9–17. Plaintiff's FAC should be dismissed in its entirety based on this alone.

## II. Plaintiff Concedes the FAC Does Not Meet Federal Pleading Standards, That He Lacks Standing to Bring His Internal DNC and Injunctive Relief Claims, and That His Claim for Attorneys' Fees Should Be Stricken.

The Motion raises a number of arguments that the Opposition outright ignores. *See* Dkt. 29-1 at pp. 8–9 (FAC is an impermissible "shotgun" pleading that violates Fed. R. Civ. P. 8 and 10); pp. 20–21 (FAC failed to adequately plead the receipt of a "telephone solicitation" within the meaning of the TCPA); pp. 21–22 (FAC failed to adequately plead any facts supporting an internal DNC violation within the meaning of the TCPA and its implementing regulations); p. 22 (Plaintiff lacks standing to bring his internal DNC claim because he did not allege that he ever asked to be placed on Leadsmarket's, or any caller's, internal DNC list); p. 22 (Plaintiff lacks standing to seek injunctive relief because he plead no facts to demonstrate that he is at risk of a possible future injury); p. 23 n.12 (Plaintiff's request for attorneys' fees should be stricken because the TCPA does not afford recovery of attorneys' fees).

On a motion to dismiss, arguments to which no opposition is proffered are deemed conceded. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding plaintiff who asserted a claim in the complaint but "fail[ed] to raise the issue in response to a defendant's motion to dismiss" "ha[d] effectively abandoned his claim" and absent any "overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing" that claim, "the district court had no reason to consider the contention that the claim … could not be dismissed"); *Quick Korner Market*, 180 F.Supp.3d at 696 n.12 (Bashant, J.) (dismissing claim on the ground that plaintiffs' "failure to defend the claim in opposition constitutes abandonment of the claim" and stating "[w]here a plaintiff declines to defend a claim in opposition, the Court is within its discretion to treat plaintiff's silence as abandonment of the claim and concession that the claim be dismissed").[5] The Motion should granted, and the entire FAC should be dismissed, on all these conceded bases.

---

[5] *See also Conservation Force v. Salazar*, 677 F.Supp.2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir. 2011) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived."); *Shorter v. Los*

### III. Plaintiff Concedes That His ATDS Claim Cannot Survive.

The Motion also explains that, to bring a TCPA ATDS claim under binding Ninth Circuit precedent, Plaintiff must allege sufficient non-conclusory facts supporting a plausible inference that the equipment used to send the texts at issue generated his phone number (*i.e.*, out of whole cloth). *See* Dkt. 29-1 at 18–19 (collecting cases). Plaintiff concedes his claim cannot survive, noting (correctly) "the text messages appear to be targeted and therefore are likely to be determined to not be randomly autodialed texts." Dkt. 32 at 4. Therefore, Count I should be dismissed.

### IV. The FAC Should Be Dismissed With Prejudice.

Lastly, it is well-settled that dismissal with prejudice is appropriate where (as here) a plaintiff already has had a chance to amend but failed to cure the fatal pleading defects in his original complaint when amending. *See, e.g.*, *Arcell v. Google LLC*, 2025 WL 210878, at *1 (N.D. Cal. Jan. 16, 2025) (denying motion for leave to amend and noting that the claims were properly dismissed with prejudice because plaintiffs "had multiple opportunities to provide facts supporting th[e] allegations but failed to do so"). *Accord Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (affirming dismissal with prejudice and noting "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint") (citation omitted). Courts may dismiss with prejudice where amendment would be futile. *See Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1019 (N.D. Cal. 2012) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

Here, not only has Plaintiff already amended, but he also declined to request the opportunity to further amend in response to the Motion *and* waived the issues by failing to respond to Leadsmarket's arguments therein. As such, any further attempt at amendment would be futile and a waste of judicial resources. Therefore, the FAC should be dismissed with prejudice. *See, e.g.*, *Quick Korner Market*, 180 F.Supp.3d at

---

*Angeles Unified Sch. Dist.*, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013) (collecting cases ruling similarly).

696 & n.12 (Bashant, J.) (dismissing with prejudice "on the alternative ground that [p]laintiffs' failure to defend the claim in opposition constitutes abandonment of the claim"); *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1100 (N.D. Cal. 2017) (dismissing with prejudice, finding amendment would be futile when plaintiff "failed to respond to [d]efendant's argument"); *Conservation Force*, 677 F.Supp.2d at 1213 (dismissing with prejudice, finding defects in pleading could not be cured by amendment when plaintiff failed to respond in opposition to defendant's argument).

## CONCLUSION

For all these reasons, Plaintiff's entire FAC should be dismissed with prejudice.

Respectfully submitted,

Dated: February 13, 2025          MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Patrice S. Ruane
   Patrice S. Ruane
   *Attorneys for Defendant*
   *Leadsmarket.com LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served electronically on all parties of record and their counsel (if any) via the Court's CM/ECF filing system on February 13, 2025, upon filing of same.

By: /s/ Patrice S. Ruane
Patrice S. Ruane