**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LEADSMARKET.COM, LLC,<br><br>　　　　　　　Defendant. | Case No. 24-cv-00695-BAS-MMP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 29)** |

　　　　Presently before the Court is Defendant Leadsmarket.com, LLC ("Leadsmarket")'s Motion to Dismiss Plaintiff Thane Charman's First Amended Complaint. (ECF No. 29.) Plaintiff opposes, and Leadsmarket replies.[1] (ECF Nos. 32, 34.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Leadsmarket's Motion to Dismiss.

**I.　　BACKGROUND**

　　　　Plaintiff, a resident of San Diego, California, brings this action under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, which restricts phone solicitations and the use of automated telephone equipment. (First Am. Compl. ("FAC") ¶ 1, ECF No. 14.) Plaintiff alleges he registered his phone number on the National Do-

---

[1] The Court finds this matter suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L. R. 7.1 (d)(1).

Not-Call Registry in November 2019 before receiving ninety-two unauthorized text messages between April 2021 and December 2022. (*Id.* ¶¶ 26, 32–33.) "Each of the text messages was an advertisement of subprime loans." (*Id.* ¶ 52.)

Defendant Leadsmarket "is a company that solicits consumers for loan products and refers the leads to companies like" California Check Cashing Stores, LLC. (FAC ¶ 29.) Plaintiff alleges "Leadsmarket made the text messages on behalf of" California Check Cashing Stores. (*Id.* ¶ 62.) Plaintiff asserts he does not have a prior relationship with Leadsmarket or California Check Cashing Stores. (*Id.* ¶ 54.) Further, because he did not give prior permission for Leadsmarket to contact him, Plaintiff claims these text messages violate the TCPA. (*Id.* ¶¶ 55–59.)

Plaintiff's First Amended Complaint brings three claims against Leadsmarket and California Check Cashing Stores. (FAC ¶¶ 74–89.) California Check Cashing Stores was dismissed after it reached a settlement. (ECF No. 26.) Leadsmarket now moves to dismiss Plaintiff's Complaint on several grounds. (Mot., ECF No. 29.)

## II. ANALYSIS

### A. Rule 8

Leadsmarket first moves to dismiss the First Amended Complaint under Rule 8 of the Federal Rules of Civil Procedure. (Mot. 8:16–9:5.) Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "is violated when a complaint is excessively 'verbose, confusing and almost entirely conclusory.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)).

Leadsmarket argues Plaintiff's Complaint violates Rule 8 because it is an "impermissible 'shotgun pleading.'" (Mot. 8:17–18.) The Court is not convinced. There are only two named Defendants. Although some allegations group the two Defendants together, others do not. (*Compare* FAC ¶¶ 27–32, *with id.* ¶¶ 60–68.) This is not a complex case, and Leadsmarket knows what behavior forms the alleged basis for Plaintiff's claim.

1  Further, even though the Complaint spans twenty-eight pages, nine of those pages are a table listing the purported text messages. (*See id.* 8:23–18:5.) Hence, the Court is not faced with "a tome approaching the magnitude of *War and Peace*" that warrants scrutiny under Rule 8. *See Cafasso*, 637 F.3d at 1059. The Court therefore denies Leadsmarket's Motion to Dismiss on this ground.

### B. Rule 12(b)(6)

Leadsmarket moves to dismiss all of Plaintiff's claims for lack of plausibility under Rule 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

#### 1. Count I

Count I alleges Leadsmarket sent Plaintiff automated text messages without his consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii). (FAC ¶¶ 74–80.) In his opposition, Plaintiff agrees to "voluntarily dismiss his claim[ ] under 47 U.S.C. § 227(b)(1)(A)(iii)." (Opp'n 4:17–20.) Hence, the Court grants the motion to dismiss Count I.

#### 2. Count II

Plaintiff's second and third claims allege Leadsmarket violated regulations issued by the Federal Communications Commission ("FCC"). (FAC ¶¶ 81–89.) The TCPA grants the FCC authority to issue certain regulations, and Congress expressly created a private cause of action for violations of those regulations. 47 U.S.C. § 227(c)(5). Count II alleges Leadsmarket violated 47 C.F.R. § 64.1200 "by making multiple telemarketing

solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period." (FAC ¶¶ 81–85.)

Leadsmarket argues Count II fails because Plaintiff does not plausibly plead a theory of liability under the TCPA. (Mot. 9:6–17:9; 20:20–22:3.) A defendant may be liable under the TCPA under a theory of direct or vicarious liability. *E.g.*, *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012). For example, 47 C.F.R. § 64.1200(c)(2) forbids "initiat[ing] any telephone solicitation to" a person on the do-not-call registry. For direct liability, a plaintiff must show the defendant initiated the telephone solicitation. *See id.*; *see also, e.g.*, *Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024). To allege vicarious liability, the plaintiff must allege facts plausibly suggesting "an agency relationship, as defined by federal common law, between the defendant and a third-party caller [or text sender]." *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014).

The Motion contends that Plaintiff's allegations are conclusory and do not reveal a TCPA violation. (Mot. 10:1–16:2.) Again, the Court is unconvinced. Plaintiff alleges Leadsmarket is in "the business of marketing and fulfilling consumer loans in the subprime market." (FAC ¶ 27.) Leadsmarket "solicits consumers for loan products and refers the leads to companies." (*Id.* ¶ 28.) Further, the subject text messages solicited "subprime loans." (*Id.* ¶¶ 32, 52.) Plaintiff claims Leadsmarket "made the text messages." (*Id.* ¶ 62.) Plaintiff also alleges Leadsmarket and California Check Cashing Stores are responsible for having "placed multiple text messages to Plaintiff within a twelve-month period to Plaintiff's residential phone line" that is listed on the do-not-call registry. (*Id.* ¶ 55.) In addition, Plaintiff claims the text messages contained a link to a loan website. (FAC ¶ 34.) Plaintiff alleges this website "is owned and operated by Defendant Leadsmarket.com." (*Id.*) There is enough here for the Court "to draw the reasonable inference that [Leadsmarket] is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678; *see also Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1103 (D. Ariz. 2024) (reasoning that

the allegation that the messages contained links to the defendant's products made it plausible that the defendant sent the messages to advertise its services, despite that other allegations were conclusory); *Ragsdale v. LeadPoint, Inc.*, No. 2:24-CV-04542-MCS-SK, 2024 WL 5424125, at *2 (C.D. Cal. Nov. 5, 2024) (rejecting a similar motion to dismiss and reasoning courts found that a plaintiff states a claim when the pleading links an anonymous solicitation to a defendant with more than a "bare allegation," such as an allegation that the message directed the recipient to a website with defendant's products).

In addition, Leadsmarket contends the allegations for Count II are deficient because Plaintiff does not adequately plead he received a "telephone solicitation." (Mot. 20:26–21:17.) However, the Complaint alleges the unauthorized text messages "advertised subprime loans." (FAC ¶ 52.) Messages contained a link to a website where an application could be submitted to receive loan offers. (FAC ¶¶ 34–37.) That is enough to allege Plaintiff received a "telephone solicitation." Leadsmarket's argument is unavailing.

In short, the Court denies Leadsmarket's request to dismiss Count II for lack of plausibility.

### 3. Count III

Count III pleads that Leadsmarket violated a regulation that mandates certain procedures for telemarketers concerning internal do-not-call lists. (*Id.* ¶¶ 86–89.) These procedures require telemarketers to have written policies related to maintaining an internal do-not-call list; to train telemarketing personnel on the existence and use of the do-not-call list; to record and disclose do-not-call requests; and to maintain do-not-call lists. *See* 47 C.F.R. § 64.1200(d)(1)–(4).

Leadsmarket argues Count III lacks plausibility because Plaintiff "does not allege any non-conclusory facts suggesting that there has been a violation of" the required procedures. (Mot. 21:18–22:3.) On this point, the Court agrees. The First Amended Complaint parrots the requirements listed in the regulations (FAC ¶ 87), but there are no factual allegations addressing these procedures. For example, "[c]ourts have inferred that internal do-not-call procedures are deficient when calls to an individual who has requested

not to be called continue." *Mattson v. Quicken Loans, Inc.*, No. 3:18-CV-00989-YY, 2018 WL 5255228, at *6 (D. Or. Oct. 22, 2018). Thus, by extension, if Plaintiff had requested that the solicitations cease, but Leadsmarket continued to send them, then that would raise an inference that Leadsmarket was not complying with the requirements. *See id.*; *see also Drew v. Lexington Consumer Advoc., LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *7 (N.D. Cal. Apr. 18, 2016) (finding claim sufficient where plaintiff received text messages, sent a cease-and-desist request, and asked for the internal do-not-call policy, but the defendant failed to provide the policy). Because there are no comparable factual allegations here, the Court finds Count III lacks plausibility.

Accordingly, the Court grants the request to dismiss Count III. Because the Court has not previously dismissed this claim, the Court grants Plaintiff leave to amend Count III. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### C. Rule 12(b)(1)

Last, Leadsmarket moves under Rule 12(b)(1) to eliminate Plaintiff's request for injunctive relief. (Mot. 22:17–22:26.) Dismissal is appropriate under Rule 12(b)(1) if the complaint fails to allege facts sufficient to establish subject matter jurisdiction. The court has no jurisdiction to resolve any claim for which a plaintiff lacks standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing must be established for each form of relief sought. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Here, Plaintiff alleges he last received an unauthorized text message in December 2022. (FAC ¶ 92.) His Opposition does not respond to Leadsmarket's argument that he fails to allege a risk of future harm that entitles him to injunctive relief. The Court thus grants Leadsmarket's Motion under Rule 12(b)(1) and dismisses Plaintiff's claim for injunctive relief. However, the Court again does so with leave to amend. Leave to amend is appropriate because Leadsmarket's challenge goes to the sufficiency of the pleading, and the Court has not previously addressed this issue. *See* Fed. R. Civ. P. 15(a)(2).

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Leadsmarket's Motion to Dismiss (ECF No. 29). First, the Court **GRANTS** the request to dismiss Count I without leave to amend. Second, the Court **DENIES** the request to dismiss Count II. Third, the Court **GRANTS** the request to dismiss Count III with leave to amend. Finally, the Court **GRANTS** the request to dismiss the claim for injunctive relief with leave to amend.

If Plaintiff chooses to file a Second Amended Complaint, it must be filed no later than **July 21, 2025**. Plaintiff may not add any new claims or parties without leave of court. Further, any amended pleading must be separate and complete in and of itself and titled Second Amended Complaint. All exhibits should be attached to the Second Amended Complaint.

If Plaintiff does not file an amended complaint, then Leadsmarket must file an answer to the First Amended Complaint no later than **July 28, 2025**.

**IT IS SO ORDERED.**

DATED: July 7, 2025

Hon. Cynthia Bashant
United States District Judge