1
2
3
4
5
6

**MANATT, PHELPS & PHILLIPS, LLP**
PATRICE S. RUANE (CA Bar # 347128)
E-mail: PRuane@Manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone:   310.312.4000
Facsimile:   310.312.4224

*Attorneys for Defendant*
*LeadsMarket.com LLC*

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

| THANE CHARMAN, an individual, | No. 3:24-cv-00695-BAS-MMP |
|---|---|
| *Plaintiff,* | **DEFENDANT LEADSMARKET.COM LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a California Limited Liability Company, and LEADSMARKET.COM, LLC, a Nevada Limited Liability Company, | |
| *Defendants.* | |

19

20

21

22

23

24

25

26

27

28

Defendant LeadsMarket.com LLC ("Defendant" or "LeadsMarket"), in accordance with Fed. R. Civ. P. 12 and this Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 35, the "Order"), hereby respectfully submits its Answer and Affirmative Defenses to the First Amended Complaint (ECF No. 14, the "FAC") filed by Plaintiff Thane Charman ("Plaintiff") in the above-captioned matter, and answers, avers, and responds[1] as follows:

## PARTIES

1.    The allegations in Paragraph 1 of the FAC appear to reflect legal conclusions[2] and not factual allegations against LeadsMarket and, therefore no response is required.  To the extent a response is deemed required, LeadsMarket admits that Plaintiff is a "natural person" in the sense that he is a living human, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

2.    The allegations in Paragraph 2 of the FAC do not reflect allegations of fact against LeadsMarket and instead appear to reflect conclusions of law, citations to legal authority, and allegations of fact against former Defendant California Check Cashing Stores, LLC ("CCCS"), and therefore no response is required. To the extent a response is deemed required, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

---

[1] LeadsMarket's Answer and Affirmative Defenses are being made without prejudice to its right to seek an interlocutory review of the Order.

[2] For the avoidance of doubt, LeadsMarket does not concede or agree with any or all legal conclusions made by Plaintiff in the FAC.  LeadsMarket also denies having violated any laws cited in the FAC, and denies any allegations reflecting legal citations or summaries of applicable law, to the extent those allegations are inconsistent with the actual language of the law being cited, which speaks for itself.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3.      The allegations in Paragraph 3 of the FAC do not reflect allegations of fact against LeadsMarket and instead reflect allegations of fact against CCCS and therefore no response is required. To the extent a response is deemed required, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

4.      The allegations in Paragraph 4 of the FAC do not reflect allegations of fact against LeadsMarket and instead reflect allegations of fact against CCCS and therefore no response is required. To the extent a response is deemed required, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

5.      LeadsMarket admits the allegations in Paragraph 5 of the FAC, but denies any implication of liability that may be based on or inferred from these allegations.

6.      The allegations in Paragraph 6 of the FAC appear to reflect legal conclusions and citations to legal authority, and not factual allegations against LeadsMarket and, therefore no response is required.  To the extent a response is deemed required, LeadsMarket admits the allegations in Paragraph 6 of the FAC only to the extent that it is a limited liability "corporation" but denies any implication of liability that may be based on or inferred from these allegations.  Any remaining allegations in Paragraph 6 of the FAC are denied.

7.      The allegations in Paragraph 7 of the FAC do not reflect allegations of fact against LeadsMarket and therefore no response is required. To the extent that a response is deemed required, LeadsMarket denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), or any other law in relation to this action, denies having transmitted or being otherwise involved in any of

the communications complained of in this litigation (in fact, it does not send text messages at all), denies that it is a proper defendant in this action, and denies that it may be properly lumped together with CCCS as "Defendants." To the extent any allegations in any Paragraph of the FAC improperly refers to and conflates the "Defendants" together or is directed at third parties and not at LeadsMarket, and to the extent LeadsMarket responds to same, LeadsMarket responds only on its own behalf, lacks knowledge or information sufficient to respond to any allegations pertaining to any other parties or non-parties, and therefore denies all such allegations in the FAC, and thus this response is explicitly incorporated by reference into the responses to each and every Paragraph in the FAC that references "Defendants" and/or is directed at any third party and not at LeadsMarket, as if fully stated.[3] Any remaining allegations in Paragraph 7 are denied.

## JURISDICTION AND VENUE

8.    The allegations in Paragraph 8 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 8 is deemed required, LeadsMarket admits only that the FAC purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but denies that the Court's subject matter jurisdiction is proper to the extent Plaintiff lacks Article III standing or that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 8 of the FAC.

9.    The allegations in Paragraph 9 of the FAC (including all subparagraphs), in whole or in part, reflect legal conclusions and citations to legal authority which

---

[3] LeadsMarket does so for convenience purposes, as it would require it to repeat this same statement for every allegation improperly referring to "Defendants." For the avoidance of doubt, LeadsMarket denies any connection to, relationship with, or liability for any acts or omissions by any other parties or third parties referenced in the FAC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT LEADSMARKET.COM LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

speak for themselves, and/or are directed at entities other than LeadsMarket, and therefore no response is required. To the extent a response is deemed required, LeadsMarket admits only that it is not presently challenging personal jurisdiction in this case, but does not concede personal jurisdiction is proper, denies all allegations of fact relating to LeadsMarket in Paragraph 9 (including all subparts), and denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 9 of the FAC.

10.    The allegations in Paragraph 10 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 10 is deemed required, LeadsMarket admits only that it is not presently challenging venue in this case, but denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 10 of the FAC.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

11.    The allegations in Paragraph 11 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 11 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 11 of the FAC.

12.    The allegations in Paragraph 12 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 12 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 12 of the FAC.

13.    The allegations in Paragraph 13 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 13 is deemed

required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 13 of the FAC.

14.　The allegations in Paragraph 14 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 14 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 14 of the FAC.

15.　The allegations in Paragraph 15 of the FAC (including the footnote thereto), in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 15 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 15 of the FAC, including the footnote.

16.　The allegations in Paragraph 16 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 16 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 16 of the FAC.

17.　The allegations in Paragraph 17 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 17 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 17 of the FAC.

18.　The allegations in Paragraph 18 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 18 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 18 of the FAC.

19.    The allegations in Paragraph 19 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 19 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 19 of the FAC.

20.    The allegations in Paragraph 20 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 20 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 20 of the FAC.

21.    The allegations in Paragraph 21 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 21 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 21 of the FAC.

22.    The allegations in Paragraph 22 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 22 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 22 of the FAC.

23.    The allegations in Paragraph 23 of the FAC, in whole or in part, reflect legal conclusions and citations to legal authority which speak for themselves and, therefore, no response is required. To the extent a response to Paragraph 23 is deemed required, LeadsMarket denies that it violated the TCPA or any other law in relation to this action. LeadsMarket denies any remaining allegations in Paragraph 23 of the FAC.

**FACTUAL ALLEGATIONS**

24.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

25.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

26.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

27.    The allegations in Paragraph 27 of the FAC, in part, do not reflect allegations of fact against LeadsMarket and instead reflect allegations of fact against CCCS and therefore no response is required. To the extent a response is deemed required, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the FAC as to CCCS and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations. LeadsMarket denies any and all remaining allegations in Paragraph 27 of the FAC.

28.    LeadsMarket denies the allegations in Paragraph 28 as they apply to LeadsMarket. To the extent the allegations apply to CCCS or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

29.    LeadsMarket denies the allegations in Paragraph 29 of the FAC.

30.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

31.    LeadsMarket denies the allegations in Paragraph 28 as they apply to LeadsMarket. To the extent the allegations apply to CCCS or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

32.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

33.    LeadsMarket denies the allegations in Paragraph 33 and "Table A" of the FAC as they apply to LeadsMarket, To the extent the allegations in Paragraph 33 and "Table A" apply to CCCS and/or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred therefrom. For the avoidance of doubt, LeadsMarket denies that it has  any relationship with the entities or persons identified or is legally responsible for the communications in this matter, as outlined in Table A, under the TCPA or other law, and denies that the subject communications violated the TCPA or any other law..

34.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

35.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

36.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

37.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

38.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

39.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

40.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

41.    LeadsMarket denies the allegations in Paragraph 41 of the FAC.

42.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

43.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

44.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

45.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

46.    LeadsMarket admits the allegations in Paragraph 46 of the FAC, but denies any implication of liability that may be based on or inferred from these allegations.

47.    LeadsMarket admits the allegations in Paragraph 47 of the FAC, but denies any implication of liability that may be based on or inferred from these allegations.

48.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

49.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

50.    LeadsMarket denies the allegations in Paragraph 50 as they apply to LeadsMarket. To the extent the allegations apply to CCCS or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

51.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

52.    LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

53.    LeadsMarket denies the allegations in Paragraph 28 as they apply to LeadsMarket. To the extent the allegations apply to CCCS or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

54.    Count I of the FAC, including Plaintiff's ATDS allegations, was dismissed with prejudice, *see* ECF No. 35, and therefore no response to such allegations is required. To the extent a response to Paragraph 54 is deemed required,

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

LeadsMarket denies all allegations of fact pertaining to LeadsMarket, and denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the FAC (including all subparts) and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

55.    To the extent that the allegations in Paragraph 55 concern the registry of any subject phone number on the National Do Not Call registry, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the FAC and on this basis denies them. LeadsMarket denies any and all remaining allegations in Paragraph 55 of the FAC, and expressly denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications.

56.    LeadsMarket denies the allegations in Paragraph 56 as they apply to LeadsMarket, and expressly denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications. To the extent the allegations apply to actions taken by Plaintiff, CCCS or any other third party, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom. .

57.    The allegations in Paragraph 57 of the FAC, in whole or in part, reflect legal conclusions and, therefore, no response is required. To the extent a response is deemed required, LeadsMarket denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

58.     The allegations in Paragraph 58 of the FAC, in whole or in part, reflect legal conclusions and, therefore, no response is required. Further, the allegations in Paragraph 58 of the FAC are unclear and incomprehensible and, therefore, LeadsMarket is not able to determine how to respond. To the extent a response is deemed required, LeadsMarket denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

59.     LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the FAC and on this basis denies them, and further denies any implication of liability that may be inferred therefrom.

## VICARIOUS LIABILITY OF CCCS

60.     The allegations in Paragraph 60 of the FAC do not reflect allegations of fact against LeadsMarket and instead reflect legal conclusions and citations to legal authority that speak for themselves and therefore no response is required. To the extent a response is deemed required, LeadsMarket denies all allegations of fact pertaining to LeadsMarket, denies that it acted as an "agent" for CCCS (or even acted at all with respect to the allegations pled), denies that it is a "telemarketer," and denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications. Otherwise, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations. LeadsMarket denies any and all remaining allegations in Paragraph 60.

61.     The allegations in Paragraph 61 of the FAC, in part, do not reflect allegations of fact against LeadsMarket and instead reflect allegations of fact against CCCS as well as legal conclusions and therefore no response is required. To the extent

a response is deemed required, LeadsMarket denies all allegations of fact pertaining to LeadsMarket, denies that it acted as an "agent" for CCCS (or even acted at all with respect to the allegations pled), denies that it is a "telemarketer," and denies having placed any text messages or calls alleged in the FAC or otherwise or that LeadsMarket is responsible for such communications. Otherwise, LeadsMarket lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations. LeadsMarket denies any and all remaining allegations in Paragraph 61.

62.     LeadsMarket denies all allegations in Paragraph 62 of the FAC.

63.     LeadsMarket denies all allegations in Paragraph 63 of the FAC.

64.     LeadsMarket denies all allegations in Paragraph 64 of the FAC.

65.     LeadsMarket denies all allegations in Paragraph 65 of the FAC.

66.     LeadsMarket denies all allegations in Paragraph 66 of the FAC.

67.     LeadsMarket denies all allegations in Paragraph 67 of the FAC.

68.     LeadsMarket denies all allegations in Paragraph 68 of the FAC.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

69.     LeadsMarket denies all allegations in Paragraph 69 of the FAC.

70.     LeadsMarket denies all allegations in Paragraph 70 of the FAC.

71.     LeadsMarket denies all allegations in Paragraph 71 of the FAC.

72.     LeadsMarket denies all allegations in Paragraph 72 of the FAC.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

73.     As to the allegations in Paragraph 73 of the FAC, LeadsMarket denies having sent Plaintiff any text messages and does not concede that the subject cell phone number is a "residential" number as defined by the TCPA, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 73 of the FAC and on this basis denies them, and further denies any implication of liability that may be based on or inferred from these allegations.

## COUNT ONE:

### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent (Against All Defendants)

74.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 74 is deemed required, LeadsMarket repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC as if fully stated herein for Paragraph 74 of the FAC.

75.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 75 is deemed required, LeadsMarket denies all allegations in Paragraph 75 of the FAC.

76.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 76 is deemed required, LeadsMarket denies all allegations in Paragraph 76 of the FAC.

77.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 77 is deemed required, LeadsMarket denies all allegations in Paragraph 77 of the FAC.

78.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 78 is deemed required, LeadsMarket denies all allegations in Paragraph 78 of the FAC, including the improper prayer for relief contained therein.

79.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 79 is deemed required, LeadsMarket denies all allegations in Paragraph 79 of the FAC.

80.    Count I of the FAC was dismissed with prejudice, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 80 is deemed

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    required, LeadsMarket denies all allegations in Paragraph 80 of the FAC, including

2    the improper prayer for relief contained therein.

3    ## COUNT TWO:

4    ## Violations of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and

5    ## 47 C.F.R. § 64.1200(C)) (Against All Defendants)

6    81.    LeadsMarket repeats, realleges, and incorporates by reference its

7    responses to all prior allegations of the FAC as if fully stated herein for Paragraph 81

8    of the FAC.

9    82.    The allegations in Paragraph 82 of the FAC, in whole or in part, reflect

10    legal conclusions and citations to legal authority which speak for themselves and,

11    therefore, no response is required. To the extent a response to Paragraph 82 is deemed

12    required, LeadsMarket denies that it violated the TCPA or any other law in relation to

13    this action. LeadsMarket denies any remaining allegations in Paragraph 11 of the FAC.

14    83.    LeadsMarket denies all allegations in Paragraph 83 of the FAC,

15    including the improper prayer for relief contained therein.

16    84.    LeadsMarket denies all allegations in Paragraph 84 of the FAC,

17    including the improper prayer for relief contained therein.

18    85.    LeadsMarket denies all allegations in Paragraph 85 of the FAC,

19    including the improper prayer for relief contained therein.

20    ## COUNT THREE:

21    ## Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

22    ## (Against All Defendants)

23    86.    Count III of the FAC was dismissed and the deadline to amend the

24    pleadings has passed, *see* ECF No. 35, and therefore no response is required. To the

25    extent a response to Paragraph 86 is deemed required, LeadsMarket repeats, realleges,

26    and incorporates by reference its responses to all prior allegations of the FAC as if

27    fully stated herein for Paragraph 86 of the FAC.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANT LEADSMARKET.COM LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

87.    Count III of the FAC was dismissed and the deadline to amend the pleadings has passed, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 87, including all its subparts, is deemed required, LeadsMarket denies all allegations in Paragraph 87 of the FAC, including all its subparts and footnotes thereto.

88.    Count III of the FAC was dismissed and the deadline to amend the pleadings has passed, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 88 is deemed required, LeadsMarket denies all allegations in Paragraph 88 of the FAC, including the improper prayer for relief contained therein.

89.    Count III of the FAC was dismissed and the deadline to amend the pleadings has passed, *see* ECF No. 35, and therefore no response is required. To the extent a response to Paragraph 89 is deemed required, LeadsMarket denies all allegations in Paragraph 89 of the FAC, including the improper prayer for relief contained therein.

## **PRAYER FOR RELIEF**

WHEREFORE, LeadsMarket denies each and every allegation set forth in the "Prayer for Relief" of the FAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC either expressly or by implication, including but not limited to the specific relief requested on pages 27 of the FAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. This Court granted in part LeadsMarket's motion to dismiss, *see* ECF No. 35, and specifically (1) dismissed Count I with prejudice, (2) dismissed Count III and the deadline to amend the FAC has passed, and (3) dismissed the claim for injunctive relief and the deadline to amend the FAC has passed. Therefore, Plaintiff's claims for relief based on Counts I and III, as well as Plaintiff's claims alleging entitlement to injunctive relief are not at issue in this case and are therefore moot. LeadsMarket further denies that any claim for declaratory

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

relief is proper, both under the TCPA and "California state law," including but not limited to that the FAC neither seeks declaratory relief elsewhere nor states any claim under any California state law. LeadsMarket further denies it violated the TCPA, any California state law, or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Further, as Plaintiff is not an attorney, there is no entitlement to attorneys' fees, which are not available under the TCPA in any event. LeadsMarket further denies that Plaintiff is entitled to treble damages or "[s]uch further relief" Plaintiff requests in the Prayer.

## JURY DEMAND

LeadsMarket admits only that Plaintiff has made a jury demand, but denies any implication of liability based thereon, or any allegations in this section. LeadsMarket further denies it violated the TCPA, any California state law, or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws.

## GENERAL DENIALS

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and LeadsMarket denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, LeadsMarket denies any liability as to having violated the TCPA, any California state law, or any applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. LeadsMarket further denies Plaintiff is entitled to any relief or damages whatsoever, and demands strict proof thereof. LeadsMarket further denies that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's error should

not be construed against LeadsMarket and should be construed as a denial rather than an admission of liability.

## DEFENDANT'S JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), LeadsMarket joins Plaintiff's jury trial demand, and LeadsMarket demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

By alleging the affirmative and other defenses herein and below, LeadsMarket intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. LeadsMarket reserves the right to bring affirmative claims or to seek sanctions against Plaintiff as permitted by applicable rules and law. LeadsMarket reserves the right to amend answers and averments above or to amend its affirmative defenses below for any reason as permitted by applicable rules, orders, and law. For the avoidance of doubt, LeadsMarket asserts its defenses to Count II of the FAC only because Counts I and III have been dismissed and the time to amend the pleadings has expired. LeadsMarket reserves the right to assert additional affirmative defenses should Plaintiff seek to amend the pleadings in the future.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Notwithstanding the Court's partial ruling to the contrary, Defendant asserts that FAC fails to set forth facts sufficient under federal pleadings standards to state or constitute a claim against LeadsMarket under the TCPA and fails to state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from LeadsMarket. Further, LeadsMarket contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

## SECOND AFFIRMATIVE DEFENSE

### (Consent Provided or Not Required)

Plaintiff's claim is barred in whole or in part because, to the extent he received any calls or messages directly from LeadsMarket, which LeadsMarket denies, or from third parties on LeadsMarket's behalf in this action, if any, he and/or a third party consented to receiving said messages and/or his consent was not required on account of the fact that the messages were not advertising, marketing, or solicitations under the TCPA nor unwanted and, in fact, were requested and/or consented to by Plaintiff, an authorized third-party, and/or the user and/or subscriber of the phone number.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff consented to receiving the messages at issue in this action, requested to be contacted, did not suffer any injury-in-fact, cannot trace any alleged injury to LeadsMarket, and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons. In particular, LeadsMarket did not send or authorize the unlawful messages alleged and therefore did not cause injury to Plaintiff. Further, because LeadsMarket did not send or authorize the messages alleged to Plaintiff, Plaintiff's alleged injury, if any, cannot be traced to, or redressed by, LeadsMarket. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Third Party Acts)

Plaintiff's claim is barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than LeadsMarket, over which LeadsMarket had no control, and for which LeadsMarket is not liable either directly or vicariously. In fact, LeadsMarket had no involvement in this case and has

been improperly named as a Defendant.  In particular, LeadsMarket did not physically send the messages alleged in the FAC and cannot be directly liable for such messages as a result. Further, LeadsMarket did not authorize any third-party to send the messages in the manner alleged in the FAC (i.e., without consent or in violation of the National Do Not Call Registry rules) or control any third party and that third party's message campaign, as is required for vicarious liability under the TCPA.. Accordingly, LeadsMarket is not vicariously liable under the TCPA for such activity.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who sent the messages in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry his burden of showing that any action or omission by LeadsMarket was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages. Imposition of up to a $1,500 per text penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant.  Therefore, such recovery should be disallowed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Plaintiff's claim is barred because, to the extent Plaintiff received any uninvited or unconsented contact from or on behalf of LeadsMarket in violation of the National Do Not Call regulations, which LeadsMarket denies (in fact, LeadsMarket did not

contact Plaintiff), such text messages were the result of error and LeadsMarket had established and implemented procedures to comply with the National Do Not Call Registry regulations. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)(i).

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the allegations in the FAC, LeadsMarket acted in good faith, reasonably and without actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or other alleged wrong done to Plaintiff, including because Plaintiff consented to receive and/or requested the contact at issue, which rendered them outside the scope of the TCPA's National Do Not Call provisions; therefore, LeadsMarket did not knowingly or willfully violate the TCPA.

Additionally, all conduct and activities of LeadsMarket alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant.  As a consequence, some or all of Plaintiff's claim is barred in full, or in part, based on LeadsMarket's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Moreover, Plaintiff's allegations that he is entitled to treble damages based on "knowing" or "willful" violations of the TCPA are barred for this same reason.

## NINTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claim is barred because, to the extent he received any messages directly from LeadsMarket or on behalf of LeadsMarket, which LeadsMarket denies, such messages were the result of a bona fide error; therefore, LeadsMarket did not knowingly or willfully violate the TCPA.

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Fifth Amendment Due Process – Grossly Disproportional)

3  To the extent the TCPA is applied against LeadsMarket to impose upon

4  LeadsMarket liability in circumstances that LeadsMarket could not have reasonably

5  avoided and/or damages that would be grossly disproportional to any actual harm

6  caused by the activity in question, the TCPA violates the Due Process Clause of the

7  Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*,

8  No. 4:14CV00069 ERW, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub*

9  *nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (citing *Capital*

10  *Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's

11  statutory damages clause is constitutional, but a specific damages award may be

12  unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the

13  offense and obviously unreasonable.")

14

## ELEVENTH AFFIRMATIVE DEFENSE

15

### (Due Process – Punitive Damages)

16  To the extent that the FAC seeks punitive or exemplary damages under the

17  TCPA, it violates the rights of LeadsMarket under the Due Process provisions of the

18  United States Constitution. Specifically, grossly excessive penalties entered on a

19  discretionary basis may amount to an "arbitrary deprivation of property without due

20  process of law." *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453,

21  454 (1993); *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 562 (1996). The TCPA affords

22  discretion to award up to $1,500.00 "per violation." Therefore, any recovery against

23  LeadsMarket is barred or should be reduced accordingly, including under the Court's

24  discretion as conferred by the TCPA. *See* 47 U.S.C. § 227(c)(5).

25

## TWELFTH AFFIRMATIVE DEFENSE

26

### (Eighth Amendment Excessive Fines)

27  To the extent the TCPA is applied against LeadsMarket to impose liability that

28  would be grossly disproportional to any actual harm allegedly caused by the activity

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

22

in question, the TCPA violates the Eighth Amendment to the U.S. Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *U.S. v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). The alleged violation at issue—sending text messages—causes de minimis or no actual harm. Imposition of up to a $500.00 per text penalty (or more) is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Harm)

Plaintiff's claim is barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded) is negligible.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claim is barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that, upon information and belief, Plaintiff consented to receiving the at issue messages, Plaintiff's alleged claims in this case lack any basis in law or fact and/or do not exist, and/or Plaintiff requested, sought out, consented to, induced or otherwise encouraged contact for the sole or intended purpose of bringing TCPA claims or without having suffered any injury. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant. Further, Plaintiff's claim is barred in whole or in part by any applicable statutes of limitation. The failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, LeadsMarket invokes, without limitation, any and all equitable defenses available to it

under applicable law and interpretive authority. For the avoidance of doubt, LeadsMarket invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which LeadsMarket had no control, including but not limited to any unidentified third parties who sent the alleged messages in purported violation of the TCPA and/or acting outside the scope of their authority. Plaintiff's claim is barred for the additional reason that, upon information and belief, Plaintiff consented to receiving the messages at issue, and/or expressly invited or solicited the messages for the intended purpose of bringing a TCPA claim. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of LeadsMarket, which LeadsMarket denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, including because, on information and belief, Plaintiff consented to receiving the messages at issue, and/or expressly invited or solicited the messages for the intended purpose of bringing a TCPA claim, and/or failed to inform the sender that he was not the intended recipient of the alleged messages, which bars or reduces Plaintiff's right to recover any such damages against LeadsMarket. In fact, LeadsMarket had no involvement in this case and has been improperly named as a Defendant. Accordingly, Plaintiff is barred from recovering from LeadsMarket for

any such damages and/or is subject to a proportionate reduction on a comparative fault basis for any alleged damages so caused.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others. This is because, among other reasons, Plaintiff consented to receiving the messages at issue, and/or expressly invited or solicited the messages for the intended purpose of bringing a TCPA claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Prior Express Invitation or Permission and/or Established Business Relationship)

Upon information and belief, Plaintiff's claim is barred because, to the extent Plaintiff received any text messages from Defendant, which Defendant denies, or from third parties on Defendant's behalf in this action, if any, he requested to receive said text messages, any such text messages were sent with Plaintiff's prior express invitation or permission, he had an established business relationship with Defendant, he consented to receiving said texts and/or his consent was not required on account of the nature of the calls, and/or such text messages were sent in response to an inquiry, were not unwanted, and, in fact, were requested and/or consented to by Plaintiff, an authorized third-party, and/or the user and/or subscriber of the phone number who may have been acting in concert with Plaintiff. Accordingly, such communications were not "telephone solicitations" as defined by the TCPA regulations and the Do Not Call Registry provisions do not apply. *See* 47 C.F.R. 64.1200(c)(2), (f)(15).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Assertion of All Available Defenses Under the TCPA)

LeadsMarket asserts, without limitation, all defenses available to it under the TCPA and its related implementing regulations, including but not limited to that (i)

LeadsMarket did not contact Plaintiff without consent, (2) LeadsMarket has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA's regulations, and (3) such practices and procedures were in place and followed at all relevant times. For the avoidance of doubt, LeadsMarket invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional and Other Defenses)

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to LeadsMarket. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, LeadsMarket reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

## RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES

LeadsMarket expressly reserves the right to amend its responses and affirmative defenses above for any reason as permitted by applicable rules, orders, and law. LeadsMarket further reserves the right to move to compel Plaintiff to arbitrate his claims, if and when it is determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of LeadsMarket's arbitral rights. LeadsMarket reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties or to assert any arbitral rights and move to compel arbitration, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. For the avoidance of doubt, LeadsMarket reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

1

## **DEFENDANT'S PRAYER FOR RELIEF**

2    WHEREFORE, LeadsMarket respectfully requests that the Court enter
3    judgment in its favor, dismiss the FAC with prejudice, award LeadsMarket all of its
4    costs and attorneys' fees incurred in defending this action to the extent available under
5    applicable law, and grant LeadsMarket all other relief as the Court deems just and
6    appropriate.

7

8                                    Respectfully submitted,

9    Dated:  July 28, 2025              MANATT, PHELPS & PHILLIPS, LLP

10

11                                    By: /s/ Patrice S. Ruane
                                          Patrice S. Ruane
12                                        *Attorneys for Defendant*
                                          *LeadsMarket.com LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served electronically on all parties of record and their counsel (if any) via the Court's CM/ECF filing system on July 28, 2025, upon filing of same.  Additional service to Plaintiff will be made at the mailing address provided on the Court's docket and courtesy copies will be sent to Plaintiff via email, to the email address provided.

By: /s/ Patrice S. Ruane
Patrice S. Ruane

DEFENDANT LEADSMARKET.COM LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT