UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>LEADSMARKET.COM, LLC,<br><br>                    Defendant. | Case No.: 24-cv-00695-BAS-MMP<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

      **IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") of your case will be held on **October 17, 2025** at **9:30 AM** before the Honorable Michelle M. Pettit, United States Magistrate Judge.

      **The parties must read this entire Order and comply with the following deadlines and mandatory procedures in preparing for the ENE and CMC. Failure to read and comply with this Order shall result in sanctions.**

| Event | Deadline |
|---|---|
| Meet and confer regarding whether to proceed in-person for ENE/CMC | August 19, 2025 |
| Meet and confer pursuant to Fed. R. Civ. P. 26(f) | September 5, 2025 |
| Confidential ENE Statements lodged with efile_Pettit@casd.uscourts.gov | October 10, 2025 |

| | |
|---|---|
| Counsel shall provide the Court via efile the (i) name, (ii) title, and (iii) email of each participant attending the ENE | October 10, 2025 |
| Parties must exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)-(D) | October 15, 2025 |
| Parties must file their Joint Discovery Plan | October 15, 2025 |
| ENE and CMC before the Honorable Michelle M. Pettit | October 17, 2025 at 9:30 AM via videoconference[1] |

1. **Purpose of Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged, and confidential.

2. **Appearance via Videoconference Required:** All parties as well as the principal attorneys of record responsible for the litigation must be present and legally and factually prepared to discuss settlement of the case. In addition, adjusters for insured parties and other representatives of a party having full and complete authority to enter into a binding settlement must also be present and prepared to discuss settlement if applicable. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

---

[1] The Court generally has no preference regarding conducting conferences via videoconference or in person. The Court typically sets the conference to occur via videoconference for ease of scheduling and will hold the ENE in person at the parties' request. **Within fourteen days**, the parties shall meet and confer to determine if an in-person ENE conference would be productive in this matter. If either party wants to proceed in person, counsel for that party shall submit the request to appear for the ENE conference in person via email (efile_Pettit@casd.uscourts.gov) with counsel for all parties copied.

  Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

  **3. Interpreter Required:** Counsel for a non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference. The Court does not provide interpreters for ENE conferences.

  **4. Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[2] must participate in the conference. **A person who needs to call another person who is not present at the conference before agreeing to any settlement does not have full authority.**

  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must participate and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).

  **5. Confidential ENE Statements:** The parties must submit <u>confidential</u> statements no more than ten pages in length directly to Judge Pettit's Chambers via email (efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty pages absent express permission from the Court in advance of the statement submission deadline. **These**

---

[2] "Full authority to settle" means the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

**confidential statements must NOT be filed on the docket, and the parties are not required to serve them on opposing counsel.** Each party's confidential statement must include the following:

    a. A brief description of the case including a chronology of the relevant facts and a statement of the principal facts in dispute;

    b. A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes including references to relevant statute and legal authority;

    c. A specific and current demand or offer for settlement addressing all relief and remedies. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will negotiate in good faith is not sufficient; and

    d. A brief description of any previous settlement negotiations or mediation efforts.

In addition, if a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed. The party shall be prepared to provide the Court with itemized billing records during the conference to support any fees and costs the party seeks to recover.

    **6. New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to all parties responding to the Complaint after the date of this notice.

    **7. Pre-ENE Telephone Conference:** In certain cases, the Court may elect to hold a telephonic conference with counsel to prepare for the ENE. These telephonic conferences are confidential to the same extent as the ENE.

    **8. Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately hold a CMC pursuant to Fed. R. Civ. P. 16(b) with

counsel only. In preparation for this conference, the parties must:

    a.    meet and confer pursuant to Fed. R. Civ. P. 26(f)[3]

    b.    exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)-(D); and

    c.    file a Joint Discovery Plan on the CM/ECF system. The Joint Discovery Plan must be one document addressing each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan must include:

        i.    **Checklist for Rule 26(f) Conference:** A certification the parties have reviewed the Court's Rule 26(f) Conference Checklist, available at https://www.casd.uscourts.gov/judges/pettit/docs/Pettit%20Rule%2026(f)%20Conference%20Checklist.pdf, and a summary of any actual or anticipated disputes regarding items on the Checklist;

        ii.    **Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

        iii.    **Protective Order:** Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

        iv.    **Evidence Preservation:** Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

        v.    **Discovery:** In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if

---

[3] The Court considers discovery to be open after the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(d)(1). In the event the Court is unable to set the ENE within the standard forty-five-day timeframe after the filing of the first answer, the Court will take the deadline for the Rule 26(f) conference into account when setting the case schedule during the CMC.

any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes;

 vi. **Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

 vii. **Professional Conduct:** Whether all attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism;

 viii. **Miscellaneous:** Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter; and

 ix. **Scheduling:** What good cause exists, if any, to modify the Court's tentative schedule for this case. Failure to identify good cause in the parties' Joint Discovery Plan will be construed as concurrence with the dates and deadlines in the <u>tentative</u> schedule set forth below.

| | |
|---|---|
| Deadline to file any motion to amend pleadings or add parties | December 19, 2025 |
| Fact discovery completion | May 22, 2026 |
| Expert discovery completion | May 22, 2026 |
| Mandatory Settlement Conference before Magistrate Judge Pettit | June 10, 2026 at 9:30 AM |
| Deadline to file dispositive motions | June 22, 2026 |
| Final Pretrial Conference before the district judge assigned to the case | October 23, 2026 |
| Trial begins before the district judge | December 18, 2026 at 9:00 AM |

 9. **Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires an ENE take place within forty-five days of the filing of an answer. Requests to continue ENEs are rarely granted. Absent extraordinary circumstances, requests for continuances of

the ENE will not be considered unless submitted **in writing** no less than seven calendar days before the ENE. All requests for continuances must be made by a joint motion and state the following:

    a.    The original date;

    b.    The number of previous requests for continuances;

    c.    A showing of good cause for the request;

    d.    Whether the request is opposed and why;

    e.    Whether the requested continuance will affect other case management dates; and

    f.    A declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

**10.    A Notice of Right to Consent to Trial Before a United States Magistrate Judge** is attached for your review and consideration.

**All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.**

**IT IS SO ORDERED**.

Dated: August 5, 2025

*Michelle M. Pettit*
HON. MICHELLE M. PETTIT
United States Magistrate Judge

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Consent forms are available in the Clerk's Office, and one is attached to this notice. Plaintiff or counsel for the plaintiff is responsible to obtain the consent of all parties, should they want to consent.

**Be aware your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court.** Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN,<br><br>　　　　　　　　　Plaintiff(s)<br><br>v.<br><br>LEADSMARKET.COM,LLC,<br><br>　　　　　　　　　Defendant(s) | Case No.:　24-cv-00695-BAS-MMP<br><br>**NOTICE, CONSENT, AND REFERECE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of parties and attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**REFERENCE ORDER**

　　**IT IS ORDERED:** This case is referred to United States Magistrate Michelle M. Pettit, to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

| | |
|---|---|
| _____<br>Date | _____<br>United States District Judge |