

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN,<br><br>                Plaintiff,<br><br>v.<br><br>LEADSMARKET, LLC,<br><br>                Defendant. | Case No.:  24-CV-00695-BAS-BJW<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **December 22, 2025**. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **February 20, 2026**.

3. A telephonic attorneys-only Status Hearing is set for **February 23, 2026, at 1:30 p.m.** before Magistrate Judge Brian J. White. Defendant's counsel is responsible for initiating the conference call. The telephone number for Judge White's chambers is (619) 557-2993.

1

24CV695

4.      Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 22, 2026**.   Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 22, 2026**.  On or before **June 22, 2026**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.      All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **May 22, 2026**.  Any contradictory or rebuttal information shall be disclosed on or before **June 22, 2026**.  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in**

24CV695

**evidence.**

6.    All fact discovery shall be completed by all parties by **July 22, 2026**. All expert discovery shall be completed by all parties by **August 21, 2026**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

7.    All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **August 21, 2026**. For any motion that will be heard by the Magistrate Judge, the motion will not be heard or calendared unless counsel for the moving party has followed procedures outlined in the undersigned magistrate judge's chambers rules. For any motion heard by Judge Bashant, the motion must have an appropriate hearing date pursuant to Judge Bashant's Standing Order for Civil Cases. Further, please be advised that Judge Bashant requires the parties to meet and confer at least seven days before most types of motions are filed. Please plan accordingly. Failure of counsel to timely request a motion date or comply with Judge Bashant's Standing Order may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

24CV695

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

8.    Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.**  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

9.    A Mandatory Settlement Conference shall be conducted **in person** on **August 5, 2026** at **2:00 p.m.** by **Magistrate Judge Brian J. White** at the Edward J. Schwartz Federal Courthouse located at 221 West Broadway, San Diego, California, 92101. Upon arrival to the 5th floor, parties should contact Judge White's chambers at 619-557-2993 to check in. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **July 27, 2026**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

10.    The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **November 13, 2026**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

11.    In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

12.    Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **November 20, 2026**.

13.    Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule

24CV695

16.1.f.6.a on or before **November 27, 2026**.

14.    The proposed pretrial order shall be lodged with the district judge's chambers on or before **December 4, 2026**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Friday, **December 18, 2026** at **11:00 a.m.**

16.    All motions *in limine* are due no later than **January 4, 2027**.

17.    All responses to the motions *in limine* are due no later than **January 15, 2027**.

18.    The parties shall submit the following no later than **January 15, 2027**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; (4) statement of the case; and (5) exhibits (in digital format in lieu of physical binders).

19.    The parties shall exchange final exhibit and witness lists no later than **February 8, 2027**.

20.    A hearing for motions *in limine* is scheduled for Friday, **February 5, 2027** at **10:30 a.m.**

21.    The trial in this matter shall commence on Monday, **February 15, 2027** at **9:00 a.m.**

22.    The dates and times set forth herein will not be modified except for good cause shown.

23.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: December 22, 2025.

_____
Hon. Brian J. White
United States Magistrate Judge

24CV695