**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (CA Bar # 226388)
E-mail: CReilly@manatt.com
PATRICE S. RUANE (CA Bar # 347128)
E-mail: PRuane@Manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Telephone:   310.312.4000
Facsimile:   310.312.4224

*Attorneys for Defendant*
*Leadsmarket.com LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual, | No. 3:24-cv-00695-BAS-BJW |
| *Plaintiff,* | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT** |
| vs. CALIFORNIA CHECK CASHING STORES, LLC, dba Speedy Cash, a California Limited Liability Company, and LEADSMARKET.COM, LLC, a Nevada Limited Liability Company, | Judge: Hon. Cynthia Bashant Date: September 4, 2026 Courtroom: 12B |
| *Defendants.* | **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**TO ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 4, 2026, or at another date and time to be appointed by the Honorable Cynthia A. Bashant, or another judge sitting in her stead, in Courtroom 12B of the James M. Carter and Judith N. Keep United States Courthouse, located at 333 West Broadway San Diego, CA 92101, Manatt, Phelps & Phillips, LLP ("Manatt"), as counsel for Defendant Leadsmarket.com LLC ("Leadsmarket"), will and hereby does move to withdraw as counsel of record for Defendant in the above-captioned matter ("Action").

This motion is made pursuant to Southern District of California Civil Rule 83.3(f)(3) on the grounds that Defendant has failed to communicate or cooperate with Manatt in defending the Action, and has not paid Manatt for legal services rendered in this Action to date. Therefore, Manatt has good cause to withdraw as counsel of record for Defendant. This motion is made following written notice to Defendant and to all parties who have appeared in the Action. (*See* Declaration of Patrice S. Ruane ("Ruane Decl."), attached hereto as Exhibit A, ¶¶ 9–12.)

This motion is based upon all of the pleadings, papers, and records in this action, the attached Memorandum of Points and Authorities, which is incorporated herein by reference as if fully stated, the attached Declaration, which is also incorporated by reference herein as if fully stated, and upon such argument of counsel as may be made at the hearing on this motion (if any).

Respectfully submitted,

Dated: July 31, 2026        MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Patrice S. Ruane
Christine M. Reilly
Patrice S. Ruane

*Attorneys for Defendant*
*Leadsmarket.com LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

For the reasons stated below, Manatt, Phelps & Phillips, LLP ("Manatt") seeks an order permitting it to withdraw as counsel of record for Defendant Leadsmarket.com LLC ("Leadsmarket") in the above-captioned matter ("Action").

## I. GOOD CAUSE EXISTS FOR THIS MOTION TO WITHDRAW.

Generally, "[a]n attorney may not withdraw as counsel [of record] except by leave of court." *Vincent Consol. Commodities, Inc. v. Am. Trading & Transfer LLC*, 2008 WL 11508662, at *1 (S.D. Cal. Feb. 4, 2008) (citing *Darby v. City of Torrance*, 810 F. Supp. 276, 276 (C.D. Cal. 1992)). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Id*. (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). "Some factors that courts [in this Circuit] consider when ruling upon motions to withdraw as counsel are: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id*. (citation omitted). *See also Ming Glob. Ltd. v. Monarch Holdings Inc.*, 2022 WL 1634635, at *1 (C.D. Cal. Feb. 24, 2022) (noting similar factors). Moreover, "[t]he local rules of this [D]istrict incorporate 'the standards of professional conduct required by members of the State [B]ar of California,' which in turn allow withdrawal where a client's 'conduct renders it unreasonably difficult for the member to carry out the employment effectively.'" *Garrett v. Ruiz*, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013) (citing S.D. Cal. Civil Rule 83.3). *Accord Ross v. FCA US, LLC*, 2026 WL 813911, at *2 (S.D. Cal. Mar. 24, 2026) (discussing sources of guidance for withdrawal of counsel). "Failure to pay agreed attorneys' fees can constitute such conduct" and thus can support good cause to withdraw as counsel, among other reasons. *McNally v. Commonwealth Fin. Sys., Inc.*, 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) (citing *Indymac Fed. Bank, F.S.B. v. McComic*, 2010 WL 2000013, at * 1 (S.D.

Cal. May 18, 2010). *See also Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *2 (S.D. Cal, Feb. 2, 2010) ("Failure to pay attorney's fees can be a valid ground for withdrawal."); Cal. Rules of Prof. Conduct, Rules 1.16(b)(4) (permitting withdrawal if the client's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"), 1.16(b)(5) (permitting withdrawal if the client "breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation")[1].

As applied here, Manatt has good cause to withdraw as counsel of record for Defendant because Defendant has failed to communicate or cooperate with Manatt in defending the Action. As such, the attorney-client relationship has broken down as a result of a lack of responsiveness from Defendant, making it extraordinarily difficult to represent Defendant's interests. (*See* Ruane Decl., ¶¶ 5–6.) Further, Defendant is also in significant arrears with respect to the legal fees and costs incurred for Manatt's representation in the Action and thus has breached material obligations under the parties' representation agreement. (*Id.* ¶¶ 5, 7.) Lastly, Manatt's withdrawal will not prejudice any of the parties or significantly delay resolution of this case. In fact, there are no pending case deadlines (other than the August 6, 2026 settlement conference, which Manatt is contemporaneously seeking to continue to avoid prejudice to Defendant, *see* Dkt. 64) and the matter has generally been stayed so the parties could finalize a tentative resolution. (Ruane Decl., ¶ 4.)

Thus, in accordance with the authorities above, good cause exists for this motion and for permitting Manatt to withdraw as counsel for Defendant in the Action. *See, e.g.*, *Vincent Consol. Commodities, Inc.*, 2008 WL 11508662, at *2 (permitting defense counsel's withdrawal, even though defendant did not have substitute counsel, where there were no pending case deadlines, holding:

[1] www.calbar.ca.gov/sites/default/files/portals/0/documents/rules/Rule_1.16.pdf (eff. June 1, 2020).

"[Counsel] has shown good cause to be relieved as counsel of record. Because [defendant] has breached the fee agreement, it is impracticable for [counsel] to continue his representation"); *Ross*, 2026 WL 813911, at *2 ("[Clients] have ceased communicating with their counsel rendering it unreasonably difficult for [counsel] to effectively continue representation.") (collecting cases); *McPhail v. FCA US, LLC*, 2025 WL 674602, at *1 (S.D. Cal. Mar. 3, 2025) (granting motion to withdraw where client ceased communicating with counsel, finding there was "a complete and irreparable breakdown of the attorney-client relationship ... ma[king] it unreasonably difficult for [counsel] to carry out the representation effectively"); *Gurvey v. Legend Films, Inc.*, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010) (granting motion to withdraw where good cause existed, the case was "still in its infancy" with "no immediately scheduled hearings," and the client had sufficient notice of counsel's intent to withdraw); *Westhoff Vertriebsges mbH v. Berg*, 2024 WL 947803, at *2 (S.D. Cal. Feb. 14, 2024) (ruling similarly); *see also 360 Acct. Sols., LLC v. TaxAssociates, Inc*., 2022 WL 886127, at *2 (C.D. Cal. Feb. 9, 2022) (granting motion to withdraw where defendant's failure to respond to communications from defense counsel "caused the attorney-client relationship to deteriorate to the point where counsel [could not] effectively defend" the case, and where the defendant had not paid counsel's fees for several months); *Robertson's Ready Mix, Ltd. v. Edwards*, 2026 WL 434932, at *1 (C.D. Cal. Feb. 3, 2026) ("The Court finds good cause [for withdrawal] as Defendant has not communicated with counsel and has breached material obligations under the parties' fee agreement. As a result, Counsel is unable to obtain instructions, meet litigation obligations, or effectively represent Defendant.").

## II.   MANATT HAS GIVEN WRITTEN NOTICE OF ITS INTENT TO WITHDRAW TO BOTH DEFENDANT AND PLAINTIFF.

Counsel for Defendant conferred with Plaintiff (appearing *pro se* in this matter) to discuss the instant motion and informed Plaintiff in writing that Manatt

would be moving to withdraw as counsel of record for Defendant. Plaintiff indicated that he intends to object but did not provide a basis for the objection. (Ruane Decl., ¶ 12.) Manatt also provided written notice to Defendant of Manatt's intent to withdraw sufficiently in advance of this motion, including notifying Defendant that Manatt would withdraw unless Defendant communicates with Manatt and fulfills its obligations under Manatt's representation agreement. (*Id.* ¶¶ 9–11.). Therefore, the procedural and notice requirements of Southern District of California Civil Rule 83.3(f)(3) and the California Rules of Professional Conduct, Rule 1.16(d), are met.

## III.   **CONCLUSION.**

For the reasons above, Manatt respectfully requests that the Court grant this motion to withdraw as counsel of record for Defendant.

Respectfully submitted,

Dated:  July 31, 2026          MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Patrice S. Ruane
     Christine M. Reilly
     Patrice S. Ruane

*Attorneys for Defendant*
*Leadsmarket.com LLC*

## EXHIBIT A
## DECLARATION OF PATRICE S. RUANE

I, Patrice S. Ruane, state and declare as follows:

1.      I am an attorney at law duly licensed to practice before the courts of the State of California and an associate with the law firm of Manatt, Phelps & Phillips, LLP ("Manatt"), counsel of record for Defendant Leadsmarket.com LLC ("Defendant") in this action. I am in good standing with the California bar and in all jurisdictions where admitted.

2.      I have personal knowledge of the following facts, and, if called upon as a witness, I could and would testify competently thereto.

3.      Manatt was retained in approximately October 2024 to represent Defendant in this matter.

4.      Other than the August 6, 2026 in-person settlement conference (*see* Dkt. 63), there are no pending case deadlines, as the parties have reached a tentative resolution. Manatt has filed a motion to continue the conference (*see* Dkt. 64), so that Defendant is not prejudiced and has time to retain new counsel to appear for same.

5.      Manatt seeks to withdraw as counsel for Defendant in this matter because, among other reasons:

      a.      Defendant is in significant arrears with respect to the legal fees and costs incurred for Manatt's representation;

      b.      Defendant has stopped cooperating with Manatt or responding to our inquiries relating to this case (*see* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4));

      c.      Defendant, through its conduct, has rendered it unreasonably difficult for my colleagues and I to effectively represent Defendant in this matter (*see id.*); and

      d.      Defendant has breached a material term of its retainer

agreement with Manatt and has been given reasonable written warning that Manatt will withdraw as counsel of record (*see id.*, Rule 1.16(b)(5)).

6. Regarding Paragraphs 5(b)-(c), *supra*, the attorney-client relationship has broken down for several months now as a result of a lack of responsiveness from Defendant, which makes it extraordinarily difficult for Manatt to effectively represent Defendant's interests and to continue as counsel in this case.

7. Regarding Paragraphs 5(a) and (d), *supra*, Defendant is in significant arrears with respect to the legal fees and costs incurred for Manatt's representation of Defendant. Therefore, pursuant to California Rules of Professional Conduct, Rule 1.16(b)(5), Manatt has given Defendant a reasonable warning following the breach that Manatt might withdraw unless Defendant fulfilled the agreement by paying the outstanding balance. This issue was the subject of various written communications with Defendant. Defendant has not fulfilled its obligations to date.

8. Manatt seeks leave of court to withdraw as counsel pursuant to Southern District of California Civil Rule 83.3(f)(3). Defendant has not advised Manatt on its progress in obtaining substitute counsel, or if it intends to do so.

9. On July 31, 2026, and on several occasions prior to that date, Manatt informed Defendant in writing via email and hard-copy mail of Manatt's intent to withdraw as counsel for Defendant in this matter, unless Defendant communicates and cooperates with Manatt going forward and immediately fulfills its obligations under Manatt's representation agreement. Manatt has received electronic confirmation that delivery of the email sent July 31, 2026, was completed. A copy of this motion will also be sent to Defendant.

10. On July 30, 2026, Manatt notified Defendant in writing of its intent to move to continue the in-person settlement conference scheduled on August 6, 2026, and provided Defendant a copy of the as-filed motion to continue the settlement conference via email and hard-copy mail.

11. Defendant did not respond to any of the aforementioned communications or object to either aforementioned motion.

12. On July 30, 2026, I conferred with Plaintiff (appearing *pro se* in this matter) via email and telephone to inform him that Manatt would be moving to withdraw as counsel of record for Defendant. Plaintiff indicated he objected to Manatt's motion to withdraw but did not provide any basis for the objection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2026, in Los Angeles County, California..

By:/s/ _____
Patrice S. Ruane