**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>                                  Plaintiff,<br><br>     v.<br><br>CALIFORNIA CHECK CASHING STORES, LLC, *et al.*,<br><br>                                  Defendants. | Case No. 24-cv-00695-BAS-BJW<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND STAYING ACTION (ECF No. 66)** |

Presently before the Court is a motion for Manatt, Phelps & Phillips, LLP ("Manatt")—as counsel of record for Defendant Leadsmarket.com LLC ("Leadsmarket")—to withdraw as counsel and to stay proceedings ("Motion"). (ECF No. 66.)  For the reasons discussed below, the Court **GRANTS** the Motion.  (*Id.*)

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).  Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other

- 1 -

litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Courts routinely permit counsel to withdraw when a client refuses to pay attorneys' fees. *See, e.g., Holandez v. Ent., LLC*, No. EDCV 21-1755 JGB (SHKx), 2023 WL 8114882, at *3 (C.D. Cal. Sept. 7, 2023) ("[I]t is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw."); *see also Medina v. Boeing Co.*, No. SACV 20-00304 JVS (JEMx), 2022 WL 16949670, at *3 (C.D. Cal. May 9, 2022) ("[T]he Court cannot require [counsel] to continue representation when . . . a client is not paying her bills.").

Here, Leadsmarket has failed to pay legal fees and costs to Manatt and has failed to cooperate with or respond to Manatt—in breach of the representation agreement between Leadsmarket and Manatt (ECF No. 66 at 4:8–21). Thus, good cause exists for Manatt to withdraw. *See 360 Acct. Sols., LLC v. TaxAssociates, Inc.*, No. EDCV 21-478 JGB (SHKx), 2022 WL 886127, at *2 (C.D. Cal. Feb. 9, 2022) (granting motion to withdraw where defendant's failure to respond to communications from defense counsel "caused the attorney-client relationship to deteriorate to the point where counsel [could not] effectively defend" the case, and where the defendant had not paid counsel's fees for several months).

In addition, withdrawal is unlikely to harm the administration of justice, unduly prejudice Plaintiff, or delay resolution of the case. *See In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). Dates previously set by the Court have been vacated (*see* ECF Nos. 55, 61, 62, 67). *Cf. Perez v. City of Orange*, No. SACV 18-00028 JVS (KESx), 2019 WL 13030221, at *1 (C.D. Cal. Feb. 14, 2019) ("Based on the dates set in the Scheduling Order for this case, including a July 2019 trial date, there is sufficient time for new counsel to be hired and sufficiently familiarized with the proceedings without undue delay or prejudice to the parties."). Even if that were not the case, "this is a situation

- 2 -

24cv695

where the good cause for withdrawal outweighs other considerations . . . [t]he Court cannot require [Manatt] to continue representation when there is a breakdown in communication and a client is not paying [its] bills." *Medina*, 2022 WL 16949670, at *3 (granting withdrawal despite the late stage of discovery and the pretrial and trial dates already set). Manatt has also provided sufficient notice to Leadsmarket of Manatt's intention to withdraw (*see* ECF No. 66, Ex. A ¶ 9). *See* CivLR 83.3.f.3. Thus, the Court **GRANTS** Manatt's request to withdraw. (ECF No. 66.) Manatt is hereby **ORDERED** to serve the current Order upon Leadsmarket.

Because the Court has granted the Motion, Leadsmarket is not currently represented by counsel. "Corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Accordingly, the Court **NOTIFIES** Leadsmarket that it has until **September 14, 2026**, to obtain new counsel and have counsel file a notice of appearance. The Court will direct the Clerk to enter default against Leadsmarket if it fails to obtain new counsel and have counsel file a notice of appearance by **September 14, 2026**. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Plaintiff shall move for default judgment within thirty (30) days of entry of default by the Clerk. *See* CivLR 55.1.

In addition, the Court **STAYS** the present action until **September 14, 2026**, or until new counsel files a notice of appearance on Leadsmarket's behalf, whichever comes first.

**IT IS SO ORDERED.**

**DATED: August 11, 2026**

_____

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

24cv695